CHOCTAW, OKLAHOMA & TEXAS RAILWAY COMPANY v.
MRS. ELLEN TRUE ET AL.

Decided March 26, 1904.

1.—Condemnation of Land—Special Damages—Pleading.

Where plaintiff sued a railroad company in trespass to recover certain land and for damages caused by the erection of tracks and embankments thereon, and defendant by cross-plea asked to have the land condemned, which was done, and plaintiff awarded the value thereof, the admission, without sufficient pleading, of evidence of special injury to the land caused by the embankment was immaterial, as particularity of pleading is not required in condemnation proceedings.

2.—Same—Juror—Fixed Opinion—Bias.

In a condemnation proceeding wherein the jury awarded plaintiff, the owner of the land, less than one-half its value as testified to by him, and no complaint is made of the amount awarded as being excessive, it was not reversible error that the court, over objection, permitted certain jurors to sit in the case who had a fixed opinion that plaintiff ought to recover, they having further answered that such opinion, in their judgment, would not influence them.

3.—Same—Evidence of Value—Harmless Error.

So, in view of the amount awarded plaintiff for the land, of which no complaint is made as being excessive, it was harmless error that plaintiff was permitted to give in evidence "the value to him" of the land condemned and appropriated.

Appeal from the District Court of Potter. Tried below before Hon. Ira Webster.

*Reeder & Cooper,* for appellant.

*Wallace & Lumpkin,* for appellees.

CONNER, CHIEF JUSTICE.—This was an action in trespass and for damages, in which appellees allege that appellant is a corporation duly incorporated under the laws of the State of Texas; that appellees were the owners of lot No. 5 in block No. 158, and block No. 143, containing lots 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, in the town of Amarillo; that on or about the 1st day of May, 1903, appellant unlawfully entered upon said land and ejected appellees therefrom and still withholds possession thereof, to appellees' damage in the sum of $1500; that appellant appropriated all of said lot No. 5 in block 158, the market value of which is $125; that appellees had their home upon block 143, and had erected thereon their residence, barns, outbuildings, well, windmill and tanks, making the same a desirable home; that across the southeast corner of said block 143 appellant had erected an embankment about thirty feet high, which causes the dust to blow therefrom on appellees' home, making it an undesirable place; that said block of land was of the market value of $2000, and that since said acts said block is of the market value of $1000.

Appellant pleaded a general denial, and in reconvention to have the land appropriated by them condemned under the statute for right of way purposes. The case was tried upon appellant's plea, and resulted

in a judgment in favor of appellant for the land sought, and in favor of appellees for $450 damages.

We find no reversible error presented on this appeal from the judgment stated, and nothing requiring extended discussion. It is urged that the court was in error in permitting appellees to offer evidence to the effect that the embankment mentioned in the petition obstructed appellees' view of the city of Amarillo, and impeded the wind in such manner and from such direction as to largely damage or impair the use of the windmill on appellees' premises. The objection was that such damages were special in character and had not been alleged in appellees' petition. There was no special exception, however, to the general allegation of damages, and we hence think the evidence offered admissible in the development of all the circumstances proximately resulting in the aggregated damage charged. Besides, as finally resolved, the case was one for condemnation on appellant's cross-plea, in which character it seems no particularity in pleading damages is required. Rev. Stats., art. 4472; Dallas P. & S. E. Ry. Co. v. Day, 3 Texas Civ. App., 353, 22 S. W. Rep., 538.

The court should doubtless have sustained appellant's challenge to the jurors expressing a "fixed opinion" that appellees "ought to recover," notwithstanding their further answers to the effect that such opinion, in their judgment, would not influence them. But the record manifests that no injury to appellant resulted, and we hence overrule the assignment raising this question. It was undisputed that appellant had appropriated one or more of appellees' lots, and had traversed others as alleged. For the lots actually appropriated appellees had undoubted right "to recover," and the fact that the damages awarded by the jury are much less than as estimated by and in behalf of appellees seems convincing that the objectionable jurors who were permitted to participate with others in the trial had no such "bias or prejudice" against appellant as disqualified them under Revised Statutes, article 3141; and the quoted answers of jurors relate to no other statutory disqualification in civil cases. The same general conclusion applies to the remaining assignments. The court gave in his charge the correct measure of damage, and the fact that appellee E. F. True gave in testimony "the value to him" of the lands appropriated and of the premises involved, seems entirely harmless in view of the jury's verdict for less than one-half of the damages thus fixed and of the fact that no complaint is made of the verdict as excessive. We think the evidence clearly supports the verdict and judgment, and no reversible error appearing the judgment is affirmed.

*Affirmed.*