ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS V.
F. W. HENGST ET AL.

Decided May 27, 1904.

**1.—Pleading—Causes of Action—Joinder.**

Plaintiffs made themselves parties plaintiff upon the death of their father, who had brought suit for personal injuries alleged to have been caused by defendant's negligence, and also asked damages for his death, which they alleged was due to his injuries. Upon the court's sustaining a demurrer to that part of the petition which claimed the damages deceased might have recovered, plaintiffs amended alleging that it was impossible to tell whether deceased died from his injuries or some other cause, and sought to recover on the action as originally brought and in the alternative for damages by reason of his death if it was found that he died from his injuries. Held, such pleading was not a misjoinder of causes of action.

**2.—Practice in Trial Court—Trial Amendment.**

Permitting trial amendments after some evidence has been offered is a matter addressed to the discretion of the trial court.

**3.—Deposition—Offered in Another Suit—Alternative Pleading.**

The deposition of deceased taken in a suit pending in his name for personal injuries was admissible after his death, his children having joined themselves as parties plaintiff, since the same issues and practically the same parties were involved; and the fact that the pleading in this latter suit sought damages for his injuries if his death was due to some independent cause and in the alternative for damages by reason of his death if caused by his injuries, did not affect its admissibility. Peoples Nat. Bank v. Mulkey, 94 Texas, 395, distinguished.

**4.—Verdict—Remittitur—Death.**

Evidence held to support a verdict of $6000, a remittitur of $3000 having been required, for death of deceased, a well digger, caused by an iron bucket falling on him.

Appeal from the District Court of Smith. Tried below before Hon. R. W. Simpson.

*E. B. Perkins* and *Marsh & McIlwaine,* for appellant.

*Duncan & Lasseter, T. B. Butler,* and *T. P. Young,* for appellees.

GILL, ASSOCIATE JUSTICE.—F. W. Hengst brought suit against appellant to recover damages for personal injuries alleged to have been suffered by him as a result of the alleged negligence of appellant.

On the 6th day of July thereafter Hengst died, and the appellees, his children, made themselves parties plaintiff on the theory that the action survived to them, and also prayed for damages by reason of his death, which they alleged was due to the injuries he had received.

The trial court sustained a demurrer to the portion of the petition claiming the damages which deceased might have recovered, but held the pleading good as to the claim for damages by reason of his death.

Thereafter amendments were filed not material to be mentioned here and the cause proceeded to trial. Thereupon appellees offered in evidence the deposition of deceased duly taken while the action pended in his name. On objection of appellant that it was not taken in the case appellees were then prosecuting the deposition was excluded. Thereupon

appellees by leave of the court filed a trial amendment alleging that it was impossible to aver with certainty whether deceased died from his injuries or from some cause independent of his injuries, wherefore they sought to recover on the action as originally brought, and in the alternative for damages by reason of his death if it was found that he died of his injuries.

Appellant by amendment raised the question of misjoinder of causes of action, which the court overruled and proceeded with the trial. The depositions were again offered and admitted over defendant's objection.

The court submitted the case to the jury upon each of its phases, instructing them among other things that if they found that deceased died of his injuries they would wholly disregard his deposition.

The jury found that Hengst died of his injuries and gave appellees a verdict for $9000. The court required a remitter of $3000, which being entered the motion for new trial was overruled and the railway company has appealed.

Inasmuch as the trial court ultimately held with appellant as to the matters embodied in the assignments of error numbered from 1 to 6 addressed to the action of the court on exceptions, it is unnecessary to discuss them. The points thus presented are decided in favor of appellant's contention in Ellyson v. Railway Co., 75 S. W. Rep., 868, and the court followed that decision. In the case cited, article 3353a of the Revised Statutes, providing that suits for personal injuries other than those resulting in death shall survive in favor of the personal representatives of deceased, was construed to preclude the survival of a suit brought by an injured person for damages for his injuries if he subsequently died as a result of his injuries rather than from some independent cause. Appellees by cross-assignments question the soundness of that decision and assail the action of the trial court in following it, but since they invoke a ruling upon the point only in case the judgment is reversed we are not called upon to express an opinion upon the question.

We will determine first the question of misjoinder of causes of action as presented by the seventh and eighth assignments.

Appellant contends that the cause of action arising in favor of appellees if deceased died of his injuries is separate and distinct from that existing in favor of their father prior to his death, and therefore could not properly be joined in one suit.

In one sense they are distinct in that appellees, in prosecuting their claim by reason of the death of deceased as a result of appellant's wrongful act, could not recover a single item of damages which might have been recoverable by their father. His suit arose at common law, whereas theirs rested exclusively upon the statutes. While he lived they had no cause of action. It accrued to them only upon his death. Technically they are distinct and separate. Practically, however, there is a close kinship between the two actions. They grow out of identically the same facts. The same proof on the issue of liability will be

necessary in each case. To the defendant on that issue the same defenses are available. Practically the heirs inherit their father's right, the practical difference being in the measure of damages. Contributory negligence on the part of deceased would defeat the action. So of assumed risk or any defense available against the suit as originally brought by deceased. Indeed the suits are so closely related that a compromise on the part of the father would have been a bar to the children's suit. A judgment in his favor or against him would have been res adjudicata of the appellees' claim, and this notwithstanding the fact that the statute apparently confers upon them an independent right.

Now according to Ellyson's case, supra, if deceased died of his injuries appellees could sue only for his death. If he did not, but died from another cause, his suit survived to them and the measure of their rights is what the law would have accorded to him on the facts.

We think under our liberal system appellees were properly permitted to plead in the alternative and have the same jury determine the issue of the cause of death and award damages accordingly.

The rule against multifariousness or forbidding the misjoinder of causes of action is a rule of convenience and expediency, and should be construed with reference to the broader policy which enjoins the avoidance of a multiplicity of suits.

To permit the maintenance of these actions in the alternative could occasion no delay, no confusion, and we are unable to perceive how it could work any harm to defendant. Had the proposition advanced by appellant prevailed in the trial court plaintiffs must have elected to prosecute one or the other branch of the claim. Had they sought to continue the original cause and the jury had found as they did on the issue of death another suit would have been necessary, for it would have been useless to determine the issue of primary liability.

The rights of appellees in either case grew out of the same transaction, and by allowing the maintenance of the action in its present form the convenience of the parties and of the court was subserved and a multiplicity of suits avoided. The assignments are overruled. San Antonio & A. P. Ry. Co. v. Griffin, 20 Texas Civ. App., 91; Craddock v. Goodwin, 54 Texas, 582. This disposes also of the objection on the ground of multifariousness.

The assignments assailing the court's action in permitting the trial amendment after some evidence had been offered must also be overruled. Such matters are addressed to the sound discretion of the court and we are of opinion it has not been abused in this instance.

In this connection we will dispose of the objection to the admission of the deposition of Hengst. It was clearly admissible in the trial of the phase of the case predicated upon the death of Hengst otherwise than by reason of his injuries, and as has been shown the court distinctly limited its consideration to that phase of the case. But if it was not admissible generally it furnishes a strong reason for upholding

the contention of appellant that plaintiffs should not have been permitted to maintain their suit in the alternative as the court permitted them to do. We are of opinion it would have been impossible for the court by instruction or otherwise to eliminate its effect upon the jury. It bore vitally upon the issues affecting liability, and we doubt if even a trained mind would have been able to consider it with reference to one branch of the case and wholly ignore it as to the other. It is therefore proper to determine appellees' cross-assignments under which it is contended that the deposition was admissible generally.

In Peoples Nat. Bank v. Mulkey, 94 Texas, 395, 60 S. W. Rep., 753, Justice Brown speaking for our Supreme Court held that the right to take depositions in this State rested in the statute which authorized it, and that the provision that they were to be used in the case in which they were taken left no room for construction. In that case the witnesses were living, and to exclude the depositions taken in another case involving the same issues between practically the same parties did not have the effect to deprive them of the absent testimony. The right to reproduce the testimony of a dead witness in the trial of the same issue between practically the same parties is recognized by all authorities on evidence to which we have had access. We can not bring ourselves to believe that our Supreme Court intended to hold that the statute prescribing the method of taking and using depositions abrogated this just and wholesome rule. It is one of the well-established exceptions to the rule forbidding hearsay, and the test of its admissibility seems to be identity of issues, practical or representative, identity of parties, and the full opportunity of cross-examination. 1 Greenl. on Ev., sec. 163. Absolute identity of parties is not necessary. Id., secs. 164, 353-354; 1 Whart. on Ev., sec. 177.

Mr. Wharton says: "Whenever the judgment in one case would be evidence in another then the evidence of a deceased witness in the one case may be reproduced in the other, the witness having been open to cross-examination. Mere formal variations of the suit will not work an exclusion."

In Mulkey's case, supra, the depositions were offered in lieu of the personal presence of the witnesses whose testimony they embodied. The right to use them for that purpose in any case except the one in which they were taken was the question there decided.

The question here presented is different, and one to which neither the statute nor that decision was addressed.

Hengst lawfully testified in the suit brought by him. The right to cross-examine was actually exercised. The common law rules of evidence are applicable in this State except where varied by statute.

At the common law the testimony of a dead witness was admissible in another suit involving the same issues and a practical identity of parties. That the former evidence was by deposition can make no difference in the application of the rule.

The verdict in the light of the record justifies the following fact conclusions:

A crew of men under their foreman, Nelson, were engaged in digging a well for appellant at Texarkana, Texas. They were all employes of appellant. It was the duty of deceased, who was also an employe of appellant, to operate a pump for the purpose of keeping the well free of water while the others proceeded with the digging and hoisting. The pump was operated by an engine placed on a platform in the well about twenty feet from the top and on this deceased stood in the performance of his duties. The hoisting apparatus consisted of an iron bucket holding about 2000 pounds attached to a lifting rope operated also by an engine. The derrick to which the hoisting rope was attached was supported by guy ropes. It was a part of the duty of deceased to guide the bucket past the platform in its ascent. On the occasion in question deceased was standing on the platform attending to his usual duties when the guy rope and the bail of the bucket broke during its ascent, and plaintiff was struck and injured so that he afterwards died from the effects of the accident. The evidence was conflicting on the issues of contributory negligence and assumed risk, but was sufficient to support the verdict.

It was sought to be shown that those engaged in loading the bucket at the bottom of the well were fellow servants of deceased and that the accident was due to their negligence in filling the bucket full instead of sending it up with a less quantity than its capacity. Appellant asked a special charge submitting that defense and complaining of the refusal of the court to give it. Without discussing the evidence upon the point we express the opinion that, conceding they were shown to be fellow servants, the issue of their negligence was not presented by the facts and the court did not err in the respect complained of.

We have considered the other assignments and are of opinion they present no error requiring a reversal. The judgment is affirmed.

*Affirmed.*

Writ of error refused.