WICHITA FALLS & W. RY. CO. OF TEXAS
v. WYRICK.

(Court of Civil Appeals of Texas. Amarillo.
June 7, 1913.)

1. EMINENT DOMAIN (§ 195*)—CONDEMNATION PROCEEDINGS—RAILROAD RIGHT OF WAY—PETITION.

Where petitioner, in proceedings to condemn land for a railroad right of way, alleged all the prerequisites to the right of condemnation, the particular land sought to be condemned, its ownership, and that petitioner and the landowner had failed to agree on the amount of damages to a quarter section by reason of the right of way being located thereon, and the court appointed commissioners, who assessed the damages which would be sustained by the landowner because of the condemnation at $400, the pleadings were sufficient to authorize the allowance, not only of compensation for the land taken, but also damages resulting to the land not taken by reason of the construction of the railway.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 524; Dec. Dig. § 195.*]

2. EMINENT DOMAIN (§ 192*)—CONDEMNATION OF LAND—RAILROAD RIGHT OF WAY—SPECIFIC DAMAGES—PLEADING.

In a proceeding to condemn land for a railroad right of way, it was not necessary that the landowner should allege the specific damages sustained; the elements of his damages being fixed by law at the value of the land taken, and the injury to the remaining portion by the construction of the road.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 519–521; Dec. Dig. § 192.*]

3. EMINENT DOMAIN (§ 200*)—CONDEMNATION OF LAND—RAILROAD RIGHT OF WAY—DAMAGES—BURDEN OF PROOF.

In proceedings to condemn land for a railroad right of way, the burden of proof of damages sustained by the landowner is on him, and not on the railroad company.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 540; Dec. Dig. § 200.*]

Appeal from Collingsworth County Court; Marion Reynolds, Special Judge.

Condemnation proceedings by the Wichita Falls & Wellington Railway Company of Texas against Jim Wyrick. From a decree awarding damages, petitioner appeals. Reversed and remanded.

R. H. Templeton and C. C. Small, both of Wellington, for appellant. J. L. Lackey, of Wellington, for appellee.

HUFF, C. J. This is an appeal by the Wichita Falls & Wellington Railway Company from a judgment rendered against it in favor of the appellee, Jim Wyrick, for the sum of $700, from the county court of Collingsworth county. Appellant filed its application for commissioners before the county judge of Collingsworth county, to condemn a 100-foot strip of land out of the S. W. ¼ of section 65, block 10, H. & G. N. Ry. Co. survey, in said county, particularly describing said strip by metes and bounds and alleged the same as belonging to Wyrick. The county judge, on such application, appointed commissioners, who assessed damages against

appellant in the sum of $400. The appellee made protest, and filed the same as required by law. The issue as to damages was tried in the county court, and resulted in a judgment against appellant. This is a second appeal; the former appeal is reported in 147 S. W. 730. There are several assignments of error raising the question as to the sufficiency of appellee's allegations for damages. In the protest filed by appellee he referred to the report of the commissioners, and alleged that the amount allowed "is grossly inadequate for his damages, and ought not, and should not, be made the judgment of this court; and, if it should be made the judgment of this court, it would be a great injustice to this petitioner, and not half as much as he is actually damaged by reason of said railroad running across his land, owing to the peculiar way it runs through the land, making him two fields and two pastures, and running so close to his residence and barn lot." He prays for judgment upon final hearing for the sum of $1,000.

[1] The appellant, in its demand for commissioners, alleged all the necessary prerequisites to the right of condemnation, the ownership of the land, the particular land sought to be condemned out of the quarter section, and stated that it and Wyrick failed to agree "upon the amount of damages to said quarter section of land by reason of said right of way being located on said land," and prays for the appointment of three disinterested freeholders, "who shall assess the amount of said damages." The court appointed the commissioners to assess the damages. The jury of commissioners assessed the damages, "which will be sustained by Jim Wyrick, because of such condemnation," at $400. If we correctly understand appellant, it is contended that the damages to the remainder of the quarter section, other than that actually occupied by the right of way, is special damages, and therefore must be specifically alleged. The statute does not so treat the damages to the remaining portion of the land, but such damages are treated as the direct and proximate result of placing a railroad across the land, and further prescribes what can and what cannot be recovered as damages. The statutes fix the measure of damages; and, when appellant alleged the failure to agree with Wyrick on the damages to his quarter section, and requested the appointment of commissioners to assess the same, it in effect alleged the damages which the law would give.

[2] It was not necessary for appellee to allege the specific damages sustained; the law fixed his damages, rather the measure of his damages, and the things for which he could recover. Railway Co. v. Day, 3 Tex. Civ. App. 353, 22 S. W. 538; Railway Co. v. True, 35 Tex. Civ. App. 309, 80 S. W. 120. When the protest was filed and the issue was made,

the statement of the railroad, and the award had, asked and fixed the damages as to the amount which was asserted thereby as a just compensation. The objection by Wyrick put that in issue. The damages to be fixed was the value of the land actually taken, and the injury to the remaining portion of the lands by the construction of the road. Railway Co. v. Cave, 80 Tex. 137, 15 S. W. 786; Railway Co. v. Ruby, 80 Tex. 172, 15 S. W. 1040. "The general allegation of damages will suffice to let in proof, and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damages. * * * But where damages actually sustained do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his declaration the particular damages which he has sustained." 3 Sutherland on Damages, 426. "The rule, however, is satisfied when from the facts stated the law infers other fact or facts; for whatsoever the law infers from a given state of facts the adverse party is presumed to know and must take notice of, whether it is specially pleaded or not." Railway Co. v. Curry, 64 Tex. 85–87. The statute provides when land is taken for the right of way, the owner shall receive compensation for the land so taken, and the damage to the other land not taken. When appellant alleged it took the strip across appellee's quarter section and then sought the tribunal to fix the damages, he thereby alleged facts from which the fact of damage to the other land can be inferred. It is not necessary for a party to allege facts which his adversary pleads. The allegations, finding, and the evidence show the damages as assessed were not allowed alone for the land actually occupied, but were for damages to the remaining portion of the land. Appellee objected to this finding, alleging it was not sufficient; that was the issue. We think the appellee's pleadings, taken together with that of appellant, were sufficient under the law, and the various assignments presenting this issue are overruled.

[3] We have concluded this case must be reversed on account of the court's charge, placing the burden of proof on the railway company to prove all of the material allegations in its petition and refusing the sixth special charge of appellant, or in failing to give one in the language of the court, to the effect that the burden was on Wyrick to show the damages he sustained by reason of the appropriation of the land, and damages to the rest of the tract. This appears to be the rule recognized by the majority of the courts (15 Cyc. 898; Elliott on Railroads, vol. 2, § 1035a [2d Ed.]), and is recognized by our courts in Railway Co. v. Moore, 51 Tex. Civ. App. 205, 111 S. W. 758; Railway Co. v. Benitos, 59 Tex. 326. Judge Hurt, in the case of Railway Co. v. Chenault, 16 S. W. 173, held a charge so placing the burden as a correct statement of law. We cannot treat the giving of the charge by the court, which it did, and the refusal of the appellant's requested special charge, as an immaterial error. The evidence as to damages was sharply conflicting, and hence the question upon whom was the burden of proof became an important one in the case.

We think, also, the verdict and judgment should condemn the land taken for the right of way. This perhaps is not reversible error, but in view of another trial we call the court's attention to this omission.

For the reason above stated, the cause is reversed and remanded.