## MISSOURI, K. & T. RY. CO. OF TEXAS v. BURK.

(Court of Civil Appeals of Texas. Dallas. Dec. 20, 1913. Rehearing Denied Jan. 10, 1914.)

1. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The admission of irrelevant evidence was not reversible error, under the substantially direct provisions of Code of Civil Appeals rule 62a (149 S. W. x), if it was not such as was reasonably calculated to influence the jury in arriving at their verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

2. EVIDENCE (§ 559*) — SUPPORTING TESTIMONY.

Where the professional skill or reputation of physicians who testified was not sought to be impeached, evidence was not admissible to show that they had the reputation of being skillful physicians.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2380; Dec. Dig. § 559.*]

3. APPEAL AND ERROR (§ 1060*)—HARMLESS ERROR—REMARKS OF COUNSEL.

Any impropriety in remarks of counsel in argument was not prejudicial, where it could have only influenced the jury in determining the amount of damages awarded, and the verdict is not complained of as excessive, and the record does not show that it is against the preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

4. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS—CHARGES ALREADY GIVEN.

There was no error in refusing a special requested charge, submitting in a negative way the question of proximate cause in a personal action, where the court's main charge substantially instructed thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by S. C. Burk against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Dinsmore, McMahon & Dinsmore, of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellee.

TALBOT, J. This is an action by S. C. Burk, the appellee, to recover of the appellant damages for loss of the services of his minor son, Willard Burk, and for expenses incurred in caring for his said son, occasioned by personal injuries inflicted upon him through the alleged negligence of appellant's servants. The case was before this court on a former appeal. 150 S. W. 748. In the amended petition, upon which the case was tried, plaintiff alleged, in substance, that his minor son, Willard, was driving a team of mules drawing a water wagon, traveling on Washington street, in the city of Greenville, toward the crossing of appellant's tracks over said street, and that, when he was near the railway tracks, a passenger train of the defendant from the north ran over the said street and frightened the team which his son was driving, and caused it to run backward, turn around, break the wagon, and throw his son, Willard, to the ground and injure him; that in thus injuring his son the appellant was guilty of negligence in the following particulars, viz., in approaching the street crossing without giving any warning or notice of the approach of the train, and by operating the engine and train over the crossing at a speed greater than six miles per hour, in violation of the ordinances of said city of Greenville, "in causing and permitting the escape of steam and smoke from the engine in large volumes and making a tremendous noise" at which the team his son was driving became frightened, and in the action of appellant's watchman at said street crossing in inducing Willard Burke to undertake to cross the railway track, and also in failing to stop Willard Burke before he approached the track. The defendant answered by general denial and by pleas of contributory negligence, and that the appellee and his son refused proper medical care and treatment, and thereby aggravated the injuries and prevented a recovery. The case was tried with the aid of a jury, and the trial resulted in a verdict and judgment for the plaintiff, and appellant perfected an appeal to this court.

Assignments of error Nos. 1, 2, 3, 4, 5, and 8 in the brief complain of the admission of certain testimony over the objection of appellant that said testimony was immaterial and irrelevant. No new and important question of practice is raised by either of these assignments, and we deem it unnecessary to state the testimony referred to in them and the propositions advanced by appellant in support of its contention that the several rulings of the court complained of were erroneous.

[1] Some of the testimony admitted was, we think, relevant to the issues upon which it was offered, and admissible; that some of it was irrelevant and inadmissible, but, whether admissible or inadmissible, it was not of such a character as was reasonably calculated to influence the jury in arriving at their verdict to the prejudice of appellant, and was therefore harmless. Rule 62a (149 S. W. x).

Assignments Nos. 6 and 7 in the brief complain of the exclusion of certain testimony offered by the appellant. The testimony offered, the rejection of which is made the basis of the sixth assignment, might well have been allowed, but its exclusion clearly resulted in no injury to appellant, and therefore furnishes no ground for a reversal. The

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

testimony, the exclusion of which is made the basis of the seventh assignment, was inadmissible.

[2] There was no such attack upon, or impeachment of, the professional reputation, skill, and ability of either Dr. Arnold or Dr. Cantrell as warranted the introduction of testimony to show that they were, or bore the reputation of being, competent and skillful physicians and surgeons.

[3] The ninth assignment complains of certain remarks of counsel for appellee in his argument to the jury. If it be conceded that the language was not strictly within the bounds of legitimate argument, yet, as it could have influenced the jury only in arriving at the amount of the damages to be awarded appellee, and as the verdict is not complained of as being excessive, and as the record does not indicate that the amount of the verdict is against the preponderance of the testimony, it cannot be said that the remarks prejudiced the rights of appellant and furnishes a ground for a reversal of the case.

The refusal of the following special charge requested by appellant is assigned as error, namely: "If you believe from the evidence that plaintiff's son, Willard Burk, was not guilty of negligence in driving his team to the point where it was at the time defendant's locomotive crossed over Washington street, and if you further believe from the evidence that defendant's locomotive, as it passed over Washington street, was moving at a speed greater than six miles per hour, and if you believe from the evidence that the team plaintiff's son was driving took fright at the said locomotive, nevertheless, unless you further believe from the evidence that said team took fright at said locomotive because it was moving at speed greater than six miles per hour, and that said team would not have taken fright if the said locomotive had been moving at a speed of six miles per hour or less, then, and in that event, you cannot find for plaintiff by reason of the speed of the locomotive and train." The refusal of this charge on the former appeal was held to be error. The ruling was based upon decisions of this state, then cited, to the effect that when the evidence is conflicting upon the issue sought to be submitted in the refused special charge, and such issue has been submitted in the court's main charge as an independent or separate act of negligence upon which alone the jury were authorized, if the same was the proximate cause of the injuries complained of, to find a verdict for the plaintiff, the defendant was entitled, upon proper request, to have the negative of the issue affirmatively submitted to the jury. In the state of the record now before this court, there was no error in refusing the special charge in question.

[4] The record now shows that the trial court in the main charge affirmatively submitted to the jury the negative side of the issue as to whether the team driven by Willard Burk took fright at appellant's locomotive because it was moving at a speed greater than six miles per hour. Immediately following the paragraphs of the court's charge submitting to the jury the combination of facts which, if found to exist, would authorize a verdict for appellee, the court instructed the jury, in substance, that, unless they found from the evidence that defendant's employés, or some of them, were negligent in the respects referred to in said paragraphs, and that such negligence was the proximate cause of said Willard Burk's injuries, to find for defendant. By these instructions the rule announced in the decisions to which we have referred was substantially, at least, complied with, and the rights of the appellant with respect to the issue of negligence referred to in the refused special charge were practically as well protected as if said special charge had been given. Hence we hold that in the present state of the record the refusal of the special charge under consideration furnishes no ground for a reversal of the case.

The eleventh assignment of error complains of the refusal of a similar special charge with reference to the issue of negligence predicated upon the escape of steam from appellant's engine, and, for the reason just given why there was no error in refusing the special charge relating to the issue of negligence based upon the excessive rate of speed at which the train was being propelled, there was no error in rejecting this charge.

The court's charge fairly submitted the issues in the case, and the evidence sustains the verdict. The judgment is therefore affirmed.

Affirmed.