MISSOURI, O. & G. RY. CO. OF TEXAS v. WEBB.    (No. 1471.)†

(Court of Civil Appeals of Texas.    Texarkana.
May 19, 1915.    Rehearing Denied
June 6, 1915.)

1. EVIDENCE ⟨=⟩528—OPINION EVIDENCE— ADMISSIBILITY.

In a personal injury action, a medical expert may testify that plaintiff's weak and irregular heart-beat might have been caused by the injury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2335–2337; Dec. Dig. ⟨=⟩528.]

2. APPEAL AND ERROR ⟨=⟩1052—REVIEW— HARMLESS ERROR.

In a personal injury action, where there was no contention that the verdict was excessive, the erroneous admission of evidence that an injury to the heart could have resulted from the accident was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. ⟨=⟩ 1052.]

3. WITNESSES ⟨=⟩286 — EVIDENCE—ADMISSIBILITY.

Where plaintiff stated on cross-examination that he would not submit to a physical examination by certain doctors, it was not improper for the court to exclude questions whether plaintiff would consent to being examined by physicians appointed by the court and to permit plaintiff to testify on redirect examination that he would consent to being examined by physicians agreed on by his own and defendant's counsel.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 994–999; Dec. Dig. ⟨=⟩ 286.]

4. APPEAL AND ERROR ⟨=⟩1170—REVIEW— HARMLESS ERROR.

In such case, where plaintiff's injured leg and foot as well as the uninjured one were exhibited to the jury, the errors were not reversible within rule 62a for the Court of Civil Appeals (149 S. W. x), prohibiting reversals for nonprejudicial errors.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ⟨=⟩1170.]

5. TRIAL ⟨=⟩352 — SPECIAL QUESTIONS — WEIGHT OF EVIDENCE.

In an action by a railroad employé injured in attempting to elevate part of a bridge with a track jack, the questions whether, while the employé was engaged in the duties he was told to perform, the jack gave way and whether the jack gave way because it was not strong enough for the work, were answered in the affirmative. Held, that a question that, if the jury found that plaintiff was injured, then to state if his injuries were caused directly and proximately on account of the jack being too light for the work being done with it, which was also answered in the affirmative, was not erroneous as assuming that the jack gave way or fell.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. ⟨=⟩352.]

6. APPEAL AND ERROR ⟨=⟩231 — REVIEW— PRESENTATION OF GROUNDS.

An objection that the charge was not a submission of the case to the jury on special issues as requested, but was a submission partly on the general charge and partly on special issues, and failed to confine the jury exclusively to questions of fact, and was confusing and misleading, is too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299, 1352; Dec. Dig. ⟨=⟩ 231.]

---

⟨=⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by W. H. Webb against the Missouri, Oklahoma & Gulf Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Jno. T. Suggs, of Dennison, and Head, Smith, Maxey & Head, of Sherman, for appellant. Jas. P. Haven, of Dallas, Wolfe & Wood, of Sherman, and McPherren & Cochran, of Durant, Okl., for appellee.

WILLSON, C. J. Appellee adopts as correct the statement of the nature and result of the suit in appellant's brief. The statement is as follows:

"Appellee, plaintiff in the court below, instituted this suit to recover damages for injuries alleged to have been sustained by him on or about October 17, 1912. He alleged that, while employed as a member of a bridge gang, he was engaged in assisting to jack up the track and part of the structure of a bridge, using a device known as a track jack; that while so employed a part of the jack broke or gave way, permitting the jack and timbers to fall or be forced against his leg, inflicting various injuries. The negligence alleged was that appellant failed to furnish an adequate jack for the work; that the one furnished was too light; that the foreman ordered him to use an unsuitable appliance; that a screw jack should have been used instead of a track jack; and that the foreman was negligent in directing him to work at the time and place and in the manner that was done, plaintiff being an inexperienced man. Appellant denied its alleged negligence in each of the matters complained of, the gravity of the injuries, and the damages alleged. It pleaded contributory negligence on the part of plaintiff; that plaintiff was engaged in interstate commerce and had full notice in advance of the alleged injuries of the matters complained of, and assumed the risk of injury, and prayed that he recover nothing. In reply, appellee filed a general demurrer and general denial. Trial was had before a jury on special issues, and upon their findings judgment was rendered in favor of plaintiff for $2,500."

On special issues submitted to them, the jury made findings as follows: (1) That on October 17, 1912, appellee, then an employé of appellant, working under the direction of its foreman J. S. Probus, was injured while assisting in raising a portion of a trestle with a track jack. (2) That the jack was selected by Probus, who determined that it was sufficient for the use being made of it at the time appellee was injured. (3) That Probus ordered appellee to place the jack under the timbers of the trestle for the purpose of raising same. (4) That while appellee was working as directed by Probus the jack gave way or fell because it was not sufficiently strong for the work being done with it. (5) That the injury appellee sustained was due directly and proximately to the fact that the jack was too light for the work. (6) That appellant was guilty of negligence in furnishing appellee the jack "for use in performing the work of raising said portion of said trestle." (7) That appellee was not guilty of negligence which contributed to cause the injury he suffered. (8) That the risk appellee incurred in assisting in the work was not one he assumed. (9) That as a result of the injury to his person appellee was damaged in the sum of $2,500. The correctness of the findings, nor any of them, is not challenged by appellant; nor is it contended that the findings did not authorize judgment.

[1, 2] Dr. Pate testified that he visited appellee professionally in January after he was injured in October, and found him to be suffering from a "very weak and irregular heart-beat." Over appellant's objection thereto on the ground that same was "too remote, prospective, speculative, involving possibilities, and immaterial and irrelevant," the court permitted the witness to say, in reply to a hypothetical question based on testimony already before the jury, that he (the witness) thought the heart trouble could have been caused by the injury appellee had suffered. We are of opinion the court did not err when he permitted the witness to answer the question (Railway Co. v. Harris, 172 S. W. 1131); and if we thought otherwise we would regard the error as harmless, in view of the fact that the testimony was material only to the question as to the amount, if any, appellee was entitled to recover, and it is not pretended that the judgment is excessive.

[3, 4] Appellee claimed that the jack used in raising the trestle was not strong enough for the purpose, and that as a result of its breaking the trestle fell on and crushed and mashed his left leg and foot. He testified as a witness. Cross-examining him, appellant asked appellee this question:

"Are you willing to permit Dr. J. F. Jones and Dr. Neathery of Sherman to make an examination of your foot and leg?"

Appellee answered in the negative. Afterward appellant asked him if he was "willing to submit to an examination by two physicians appointed by the court for that purpose." An objection to the question, on the ground that "the court had no legal right to appoint any one to examine plaintiff and further that the question was prejudicial and harmful," was sustained. On his redirect examination by his own counsel appellee testified that on three different occasions claim agents of appellant had talked to him about the case, and that no one of them, nor either of the attorneys representing appellant, had ever asked him outside of the courthouse "to be examined by any physician." Over appellant's objection on the ground that "same was self-serving, irrelevant, and immaterial in view of the witness' answer, and leading," the court then permitted appellee to testify that he had no objection "to being examined by any physician or physicians that may be agreed upon between his attorneys and the attorneys representing the railroad company." Appellant insists that the court erred when he refused to require appellee to say whether he was willing to be examined by physicians appointed by him (the court) or not, and also erred when he permitted appellee to say he had no objection to being examined by physicians

agreed upon by his own and appellant's attorneys. We are inclined to the opinion the court did not err in ruling as he did; but, in view of the fact that appellee's injured leg and foot, and also his uninjured leg and foot, were exhibited to the jury, if the court did err, we think the error, or errors, did not amount to "such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case," within the meaning of rule 62a for the government of Courts of Civil Appeals (149 S. W. x). Therefore the assignments presenting the contentions are overruled.

[5] Of the questions propounded to the jury, the seventh, eighth, and ninth, and the answers thereto, were as follows:

"Question 7: While plaintiff was engaged in performing the duties he was told to perform by the said Probus, did said jack give way or fall? Answer: Yes.

"Question 8: Did said jack give way and fall because it was not sufficiently strong for the work which was being done with it at the time? Answer: Yes.

"Question 9: If you have answered that plaintiff was injured, then state if plaintiff's injuries were caused directly and proximately on account of the jack being too light for the work which was being done with it at that time? Answer: Yes."

Appellant urges that the ninth question was "on the weight of the evidence, in that it assumed that the jack gave way or fell, and assumed that said jack was too light and insufficient for the work being done by it." The contention is believed to be without merit when the question criticized is considered in connection with those preceding it, set out above, and others not set out, submitted to the jury at the same time. Railway Co. v. Stalcup, 167 S. W. 285.

[6] In his charge to the jury the court defined "ordinary care," "negligence," "contributory negligence," and "assumed risk," instructed them as to the burden of proof and measure of damages, told them not to allow appellee anything as damages if they believed he was injured as the result of a risk he had assumed, even if they also believed appellant "was guilty of negligence in connection with his said injuries, if any," and then propounded 19 questions which he instructed them to answer. The charge as a whole was objected to "because," quoting:

"It is not a submission of the case to the jury on special issues as requested by defendant, but is a submission of the case to the jury partly on the general charge and partly on special issues, and submits to the jury questions of law for their determination, instead of confining the charge to the submission of issues of fact with such explanation and definitions only of law as necessary to enable the jury to arrive at a verdict on issues of fact, and because same is confusing, misleading, and deprives defendant of its right upon request to have the jury in their consideration confined exclusively to questions of fact."

Specific portions of the charge were objected to on similar grounds and also because same, as is contended, advised the jury as to the legal effect of their findings of fact and authorized them to return a general verdict. This court had occasion, in Railway Co. v. Casey, 172 S. W. 733, to consider an objection, based on substantially the same grounds, urged to the charge given in that case. The reasons why we think the contention now made should be overruled are sufficiently stated in the report of that case, and will not be repeated here.

There is no error in the judgment, and it is affirmed.