### TRINITY & B. V. RY. CO. v. GEARY.
#### (No. 7295.)

(Court of Civil Appeals of Texas. Galveston. March 8, 1917. Rehearing Denied March 16, 1917.)

1. EVIDENCE ⟷579—TESTIMONY OF WITNESS AT FORMER TRIAL—IDENTITY OF ISSUES.

Though the petition in a servant's action for injury from sudden stop of car at the first trial charged generally mismanagement of the air of the train, and at the second trial charged the particular act of mismanagement thereof, the issues were substantially the same relative to admissibility on the second trial of the testimony given on the first trial by a witness thereafter beyond the court's jurisdiction.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2412.]

2. EVIDENCE ⟷577—TESTIMONY OF WITNESS AT FORMER TRIAL.

Under exception to hearsay rule, witness being beyond the court's jurisdiction, his testimony given on the first trial on substantially the same issue, where there was opportunity for cross-examination, is admissible on a new trial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2406.]

3. TRIAL ⟷85—OBJECTIONS—EVIDENCE ADMISSIBLE IN PART.

Overruling of objection to testimony as a whole, part of it being unobjectionable, is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222–225.]

4. APPEAL AND ERROR ⟷978(3)—REVIEW—DENIAL OF NEW TRIAL — MISCONDUCT OF JURY.

Review of the trial court's discretion under Vernon's Sayles' Ann. Civ. St. 1914, art. 2021, in denying new trial for misconduct of jury is confined to cases where it clearly appears the rights of the parties have been disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3870.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Morris Geary against the Trinity & Brazos Valley Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 144 S. W. 1045; 169 S. W. 201; 172 S. W. 545.

Andrews, Streetman, Burns & Logue, Coke K. Burns, and W. L. Cook, all of Houston, for appellant. Presley K. Ewing, of Houston, for appellee.

·GRAVES, J. On November 18, 1915, in the Fifty-Fifth district court of Harris county, Morris Geary was awarded a jury's verdict and consequent judgment against the Trinity & Brazos Valley Railway Company for $17,-500 for personal injuries received Novem-

ber 23, 1909, while working for said railway company as foreman of a section crew engaged in unloading gravel from one of defendant's work trains. This train was being operated and controlled at the time by other and different employés than plaintiff himself and his crew, and, the train being in motion, plaintiff was thrown from an empty flat car, which was a part of this train and on which he was riding, by reason of a sudden and abrupt stopping of said car. From that judgment against it the defendant railway company has appealed.

Without detailing them, the railway company took all necessary and proper steps to invoke this court's jurisdiction and consideration of its appeal. Such further statement of the case as may be deemed necessary will be made in what follows:

No assignments have been filed here questioning the sufficiency of the evidence to sustain the verdict, either as to extent of plaintiff's injuries or otherwise, nor against the verdict as being excessive. There are consequently but two main questions, with necessarily resultant subsidiary ones, raised upon and by this appeal, which may be stated succinctly as follows:

First, that prejudicial error was committed against defendant in admitting, over its objections, the testimony of the witness Savage, read from the stenographer's notes upon the first trial of this case, the grounds of objection being that the evidence was hearsay, that it was purely a conclusion and an opinion, and a deduction drawn by the witness; that no proper predicate was laid for its introduction; and that at the time such testimony was given the issues in the case were different from what they were upon this trial, and an examination of the witness Savage by the defendant on said first trial could not in any sense have been an adequate examination, whether upon direct or cross examination, and said examination could not in any sense represent the ideas of the attorneys upon a changed condition of the pleadings.

Second, that defendant's motion for a new trial should have been granted because of the prejudicial and improper conduct of the jury which tried this case, or some members thereof, in discussing what proportion of the amount awarded to plaintiff would be received by his attorneys, and in taking into consideration such matters in reaching the amount of damages stated in the verdict, one or more of the jurors having voted for increased amounts by reason of such discussion, and because of improper conduct of one of the jurors in stating in the jury room that he watched the plaintiff at the same time that defendant's witnesses Martin and Gray testified about, and that Geary did not turn his head at the time the above named witnesses said he did, which statement made by said juror

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was contrary to the testimony of witnesses who testified upon the trial of the case under oath.

With admirable coherence and directness appellant has presented in this court each of these questions under two assignments, the first question under assignments Nos. 1 and 2, and the second question under Nos. 3 and 4. Our discussion of each separate question will therefore apply to both assignments so presenting it.

No real question not hereinafter discussed is made as to the proper predicate having been laid for such admission of Savage's testimony, he being then admittedly beyond the court's jurisdiction, his testimony being unobtainable from any other source, and the stenographer's notes being correct.

[1] Appellant's chief reason for contending that this testimony of Savage, who was in its employment as a brakeman at the time, and its own witness, was inadmissible against it upon the present trial, is that plaintiff's position is now essentially the reverse of what it was then, in that the issues of negligence in litigation in the two trials were materially different. We cannot agree to this contention; and we think the clearest way to determine that question is to directly compare the issues of negligence as joined by the pleadings of both parties, and as submitted by the court to the jury, in both trials.

Upon the first trial plaintiff's second allegation of negligence was:

"By the negligence of the defendant's employés, acting within the scope of their employment for it in the control and management of said train and said hose and the air run into the same, in improperly letting in, controlling, and managing such air, without which such hose would not have broken, which negligence was imputable to defendant, for that it was at the time operating a railroad, the line of which was situated in this state, and plaintiff, while engaged in the work of operating its said train, sustained the injuries of which complaint is herein made, besides which plaintiff and said employés who so improperly placed, controlled, and managed said air as aforesaid were not doing the same character of work or service, nor working together at the same time and at the same piece of work, nor to a common purpose, but they were controlling, managing and disposing of said train and the air of said hose, and plaintiff was a part of the crew engaged in going to and fro on said car and unloading the gravel therefrom, and in the course of that service performing his part in the operation of such train, but not otherwise."

To this defendant replied:

"Defendant avers that it is not guilty of the wrongs and injuries charged against it, and it denies all and singular the averments in plaintiff's petition contained, and demands strict proof of each and every material allegation thereof."

While upon the present trial plaintiff's allegation of negligence was as follows:

"That one of defendant's employé's engaged in operating said train, being one of the operatives thereof, in the course of his service for defendant in that behalf, and acting within the scope of his employment for it, while said train was moving as aforesaid, uncoupled cars of said train without turning the angle cocks and confining the air, whereby said cars separated, and thereby burst or parted the air line hose, by means thereof the air was suddenly applied to the brakes, and the car on which plaintiff was riding suddenly and abruptly stopped as aforesaid, which act on the part of defendant's said employé in so handling said car was negligence towards plaintiff, and a proximate cause of the injuries suffered by him as aforesaid."

Likewise the defendant thus replied:

"Waiving nothing, but still insisting upon all of the foregoing demurrers and exceptions, and answering only if required, defendant denies all and singular the allegations of plaintiff, and says that the same are not true either in whole or in part, and demands strict proof of each and every material allegation."

The court in both trials submitted the specific issues of negligence as thus joined, in the first trial one additional ground being also given, while in the last trial only the one so charged by plaintiff and denied by defendant was submitted.

It seems to us too clear for argument that the gravamen of the complaint by both petitions was negligent operation of the train by the defendant, whereby the air hose between the cars broke or separated, causing the air to be applied to the brake, thereby producing the sudden and abrupt stop of the car as in an emergency application, with the consequent injury to the plaintiff.

In the first petition negligence of the defendant in managing and controlling the air of the train, whereby the air hose broke, with the resultant injury, was charged generally, but without specifying the act or omission of mismanagement or miscontrol, thus leaving the averment broad enough to cover any particular act of mismanagement or miscontrol the evidence might develop; whereas in the last petition the particular act of mismanagement of the air of the train, that is, the uncoupling of the cars without turning the angle cocks and confining the air, whereby said cars separated and thereby burst or parted the air line or hose, was set out.

Aside from this attempted distinction between negligence issues as thus made by the pleadings, the identity of the issues involved in the two trials was not, nor could be, seriously questioned. True it is that vigorous contention is made that Geary's testimony upon these two different trials as to the pulling of the coupling pin between the cars was directly contradictory, in that upon the first he said that nobody would have pulled the pin and uncoupled those cars, while in the last he testified, in effect, that he saw the brakeman on the car in front of him in position to pull the pin, with the chain attached to it lifted in his hand; Geary denied any real contradiction, claiming that he had been rendered deaf by his injuries, and that, if he testified as was quoted to him from the record of the first trial, he had not then heard and understood the question. We think these matters all went to the credibility of this witness, and were for the exclusive judg-

ment of the jury; having been there resolved against appellant, it cannot here complain.

But still another reason against the admissibility of Savage's said testimony presented by appellant is that, the issues upon the two trials being materially different, in that plaintiff now affirms what he originally denied, resulting from the above-claimed material change in his pleadings, its examination of this witness on the first trial, although he was its own witness, and testified directly for it upon the negligence issues involved in that trial, would reasonably be inadequate and insufficient upon the subsequent trial.

If our conclusion that essentially the same issue of negligence was involved in both trials be correct, it cannot be then said that appellant's direct examination in that first trial of its own witness, back and forth over the whole gamut of the very issue likewise appearing in this last trial, would reasonably be either inadequate or insufficient. Boyd v. Railway Co., 101 Tex. 411, 416–417, 108 S. W. 813; Taylor v. Thomas, 77 N. H. 410, 92 Atl. 740; 16 Cyc. 1089.

But we think the Court of Civil Appeals at El Paso, upon the appeal from the first trial of this same case, by clear implication at least, determined this very question of identity of the issues of negligence against appellant, because, the two grounds of negligence being as above set out, and the second one, as we think, being substantially the same as the only one here submitted, it found no fault with the submission of the second ground of negligence, nor in any manner ruled that plaintiff would not have been entitled to recover thereunder if the case had been submitted on that alone, but held that, as there were two independent grounds of negligence, separately submitted, and one of them, that relating to a defect in the air hose, had no evidence for its support, and the court could not tell upon which ground the jury found, the case was one for reversal. T. & B. V. Ry. Co. v. Geary, 144 S. W. 1046.

It is further pertinent to say that identity of the issues required is of substantial agreement, not absolute identity. See Hicks v. G., H. & S. A. Ry. Co., 96 Tex. 355, 357, 358, 72 S. W. 835, citing illustrative cases; St. L. S. W. Ry. v. Hengst, 36 Tex. Civ. App. 217, 219, 81 S. W. 832, citing 1 Greenleaf's Ev. §§ 164, 533, 554; Lynch's Adm'r v. Murray, 86 Vt. 1, 83 Atl. 746; Jones v. Pendleton, 160 Mich. 338, 125 N. W. 349; Edgeley v. Appleyard, 110 Me. 337, 86 Atl. 244, Ann. Cas. 1914D, 474.

[2] But it is further insisted that this testimony was hearsay and merely conclusions of the witness.

It may be first replied that, under a familiar exception to the hearsay rule, the testimony of a witness given at a previous trial between the same parties upon substantially the same issue, where the parties had the opportunity to examine and cross-examine him, is admissible on the offer of either party, if the witness is out of the state, out of the jurisdiction of the court, under the circumstances shown in this case. See St. L. S. Ry. Co. v. Hengst, 36 Tex. Civ. App. 217, 219, 220, 81 S. W. 832–833, citing Wharton's Ev. vol. 1, § 179, and Greenleaf's Ev. vol. 1, §§ 163, 164, 553, 554; Texas & N. O. Ry. Co. v. Williams, 178 S. W. 701; Baker v. Sands, 140 S. W. 520, 521, and cases cited; Boyd v. St. L. S. W. Ry. Co., 101 Tex. 411, 416–17, 108 S. W. 813, 815, and second appeal, 56 Tex. Civ. App. 282, 119 S. W. 1154, 1155, error refused, 123 S. W. xx; 16 Cyc. 1088, 1089; Dolph v. Lakeshore & M. Ry. Co., 149 Mich. 278, 112 N. W. 981.

[3] In the next place, Savage testified, in effect, that either he or the other brakeman, or possibly the conductor, he did not remember which, actually pulled the coupling pin, and he repeated several times over, among other things, that "two of the cars had been uncoupled, the caboose and one other car"; he "didn't know whether the conductor had cut these cars or not"; "some of them did." "I did have instructions to cut them off." "I do testify that those two cars had been uncoupled," "but I don't know who did that. I don't remember which one of us did that. * * * I told this jury that I didn't remember who did it, and that I didn't see anybody else do it; well, it was done."

While we do not think these statements conclusions only, it may be finally said that the objection was made to the testimony as a whole, some of which was clearly free from any objection whatever, and in such case, even if some part of the testimony was subject to some one of the objections made, the court was not required to disentangle such part from other parts clearly admissible, but was justified in overruling the objections. Chicago R. I. Ry. Co. v. Johnson, 156 S. W. 253; Hutcheson v. Massie, 159 S. W. 315; Rice v. Taliaferro, 156 S. W. 242; Houston Chronicle Pub. Co. v. McDavid, 157 S. W. 224; Kell Milling Co. v. Bank of Miami, 155 S. W. 325.

[4] With reference to the second question, that relating to the misconduct of the jury, the issue before this court is not one of determining in the first instance whether or not such conduct was reprehensible, nor of now substituting its judgment for that of the trial court, but merely of deciding from the record of that court's proceedings whether or not it abused the discretion granted it under Vernon's Sayles' R. S. art. 2021, in denying a new trial because of the misconduct charged.

That the exercise of such discretion may be reviewed was expressly held by our Supreme Court in H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; but in doing so it concluded that the trial court's "discretion" expressed in said article 2021 was upon the same level with the discretion vested in it in many instances, and, as in such other in-

stances, confined the appellate review to cases "wherein it clearly appears that the rights of the parties have been disregarded."

After the most careful review of the examination made by the trial court touching this misconduct, including the evidence, we are unable to conclude, either that it clearly appears that the rights of the appellant were disregarded, or that there was any abuse by that court of its discretion. These assignments must therefore be overruled.

The testimony taken upon the hearing of the motion for new trial is very voluminous, and no useful purpose would be served by attempting to here reproduce it, but there is, as we view it, not the slightest indication that the trial judge was indifferent to the gravity of the misconduct charged, nor that he acted unfairly in conducting the examination; but the contrary, we think, emphatically appears. He very promptly summoned every one of the jurors who tried the case, and had them all thoroughly, at much length and in minute detail, examined and cross-examined on every suggestion of improper conduct mentioned in the motion. The net results were that they each and all, with one exception, positively testified that neither the discussion as to what part of plaintiff's recovery the attorneys might get, nor one juror's suggestion that the railroad company ought to be fined, nor another's that he also was watching plaintiff at the time defendant's witnesses Gray and Martin testified that they saw plaintiff, while upon Main street during an interim of the court's session at the trial, turn his head, and that he did not do so, had any influence whatever upon the amount of their verdict.

That the conduct alleged was improper and reprehensible goes without saying, and the trial court, no doubt very properly, reprimanded these jurors; but those considerations alone would not authorize us either to find that he intimidated them, or to disturb his finding, especially when it further appears that he had each and all of them—and at least one of them for the second time—grilled back and forth in open court over every detail of the alleged misconduct, and afforded every one of them every opportunity to tell every thing he knew, in a very evident purpose to get at the truth of the matter; and we are unwilling, under these circumstances, to say, by attempting to substitute our judgment for his, that he did not do so. And this conclusion is reached without regard to that line of cases holding the claimed error harmless and not reviewable, in the absence of any complaint that the verdict is excessive. Choctaw, Ok. & Tex. Ry. Co. v. True, 35 Tex. Civ. App. 309, 80 S. W. 120; H. & T. C. Ry. Co. v. Postal Tel. Cable Co., 18 Tex. Civ. App. 503, 45 S. W. 179; M. K. & T. Ry. Co. v. Burk, 162 S. W. 457; M. O. & G. Ry. Co. v. Webb, 178 S. W. 728; I. & G. N. Ry. Co. v. Jones, 175 S. W. 489, both original opinion and rehearing; El Paso Elec. Ry. Co. v. Mebus, 157 S. W. 955, 956, citing Railway Co. v. Lynch, 40 Tex. Civ. App. 543, 90 S. W. 511.

Before any of the complained-of talk or discussion occurred in the jury room every juror secretly voted for liability, writing the amount of his verdict upon a slip of paper and putting it in with the others; the range of these amounts was from $10,000 to $35,000, with the average considerably above the $17,500 finally awarded, but one vote only, by practically the undisputed evidence, being as low as $10,000.

As to the juror Schotsch, who thus first voted for $17,500, we think the elaborate examination of him unmistakably showed that he, instead of being improperly influenced, stuck with evident stolidity throughout the jury's discussion to the amount of his first vote, upon his belief that the plaintiff was in the right and the defendant in the wrong, and that in his untutored way he made no distinction between just compensation and a "fine."

As stated above, one juror alone finally stated that he had been induced to increase the amount of his verdict by this discussion. As to him, without recording other circumstances shown in the record, there was much doubt, independent of his own statement, upon whether he must, on this first secret ballot, have voted for near $20,000, or in any event, for more than the amount of the final verdict.

Without further discussion, we conclude, as we must in deference to the trial court's action, that he found, after thus hearing all the evidence from the mouths of the jurors themselves, there was no misconduct that affected or resulted in an increase in the amount of the verdict, and that he was amply warranted in that finding. Vernon's Sayles' R. S. art. 2021; Fox v. Houston & T. C. Ry. Co., 186 S. W. 852, 858, citing Kalteyer v. Mitchell, 102 Tex. 393, 117 S. W. 792, 132 Am. St. Rep. 889; Id., 110 S. W. 462; Railway v. Blalack, 128 S. W. 706; Railway v. Brown, 140 S. W. 1172; Railway Co. v. Blue, 46 Tex. Civ. App. 239, 102 S. W. 128; Railway Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Hamilton v. Railway Co., 95 Kan. 353, 148 Pac. 648.

Believing that the record shows that substantial justice was done in this case, the judgment of the trial court will be in all things affirmed.

Affirmed.