EL PASO ELECTRIC RY. CO. v. GONZALES et al.   (No. 892.)

(Court of Civil Appeals of Texas.   El Paso. Dec. 5, 1918.)

1. JURY ⊂⊃33(2) — JURY TRIAL — IMPARTIAL JURY.

The law exacts that a fair and impartial jury shall pass upon the merits of cases.

2. APPEAL AND ERROR ⊂⊃978(3)—JURY TRIAL —BIAS—DISCRETION OF TRIAL COURT.

The question whether jurors were prejudiced against the defendant and concealed that fact is primarily within the sound discretion of the trial court, and its action in denying new trial for misconduct of jury will not be revised where it does not clearly appear that the rights of the parties have been disregarded.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Mrs. Elvira C. Gonzales and her husband against the El Paso Electric Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Davis & Goggin, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Brown & Wilchar, of El Paso, for defendants in error.

HARPER, C. J. This suit was filed by Mrs. Elvira C. Gonzales, joined by her husband, against the El Paso Electric Railway Company, for damages for personal injuries. It was tried with a jury, and, from a verdict for $500 in favor of plaintiff, the defendant

has appealed and urges one assignment of error, upon which it has based a request that the case be remanded for a new trial.

It is that two jurymen selected to try the cause were so prejudiced against the defendant that it did not have a fair and impartial trial; that their prejudice was concealed by the jurymen at the time of their selection; and that the actions of said jurors, in course of the deliberation of the jury, affected the findings of the jury to defendant's prejudice. Two jurymen, it is charged, were not fair and impartial; that they did not disclose it upon examination, but was afterwards discovered by reason of remarks made by them during the trial.

[1, 2] In the outset, it must be conceded that the law exacts that a fair and impartial jury shall pass upon the merits of cases. This question was presented to the trial court upon motion for a new trial, and, after in person hearing the evidence with the witnesses in person before him, the issue has been determined against the appellant. Such questions are primarily within the sound discretion of the trial court, and his action will only be revised when it clearly appears that the rights of the parties have been disregarded. Trinity B. V. Ry. Co. v. Geary, 194 S. W. 458.

We conclude that there is no such preponderance of the evidence in favor of a finding that they were prejudiced as to justify a reversal of the case for that reason, especially in view of the verdict for $500, which does not appear to be excessive.

Affirmed.