F. M. RUNNELS ET AL. *v.* J. C. BELDEN, EXECUTOR.

1. CONSTRUCTION OF STATUTES.—It is a fundamental canon of construction, that such interpretation shall be given to acts of the Legislature as will effectuate the intent and purpose of the law-makers in their enactment, when the intent of the law is plain.

2. SAME—STATUTE CONSTRUED—EVIDENCE OF PARTIES.—Where the plaintiff's depositions had been taken, and he died, the suit being prosecuted to trial by the executor, it was error to exclude the testimony of a defendant on the trial touching the acts and declarations of the testator, about which plaintiff had testified in his lifetime by depositions read in evidence.

APPEAL from Tyler. Tried below before the Hon. H. C. Pedigo.

November, 1877, Angus McLeod brought suit in the District Court of Tyler county for $3,150 alleged to have been deposited by him with F. M. Runnels and wife, and not returned.

Defendants demurred, pleaded general denial, claimed the amount received was less than alleged; that it was a gift by plaintiff to the wife of Runnels, who was daughter of plaintiff.

Pending the suit the depositions of the plaintiff were taken, he being aged and infirm, testifying that he had deposited the money as alleged with the defendants at their request for safe-keeping, to be returned to plaintiff at his residence on demand, and that he has made the demand, &c. McLeod died, and his executor, J. C. Belden, became plaintiff.

On the trial, the defendant Runnels testified that he had not received the money or any part thereof as a deposit, and offered to prove in behalf of the defense that the money had been given voluntarily by McLeod to his daughter, Mrs. Elizabeth Runnels, and was by her accepted as such as an advancement, and was not to be returned; to which testimony objection was made and sustained.

Judgment was rendered for the plaintiff for amount sued. for. Defendants appealed.

*Willie & Cleaveland,* for appellants, cited Paschal's Dig., arts. 6826, 6827; Mumm *v.* Owens, 2 Dill., (U. S. Cir. Ct.,) 475; Munroe *v.* Napier, 51 Ga., 385; Alexander *v.* Lewis, 47 Tex., 491; Donley *v.* Bush, 44 Tex., 1; Merrill *v.* Atkin, 59 Ill., 20; Roberts *v.* Yarboro, 41 Tex., 449.

*Stephen P. West,* for appellee, cited Paschal's Dig., arts. 6826, 6827; Markham *v.* Carothers, 47 Tex., 25; Roberts *v.* Yarboro, 41 Tex., 449; Greenl. Ev., 418; Ables *v.* Miller, 12 Tex., 109; Burleson *v.* Burleson, 28 Tex., 410; Lobdell *v.* Fowler, 33 Tex., 346; Sears *v.* Dillingham, 12 Mass., 358.

4

MOORE, CHIEF JUSTICE.—The exception which the second section of the act of May 19, 1871, entitled "An act further regulating proceedings in the several courts of the State of Texas," makes to the general rule, that no person should be excluded from testifying in civil actions in the courts of this State on account of color, nor because he is a party to the cause, or interested in the issue to be tried therein, clearly shows that it was the intent and purpose of the Legislature to place the parties on terms of equality in presenting to the jury their respective versions of the transactions between them, and not merely the *ex-parte* testimony of the survivor respecting them, which, but for this exception, would be admissible under the first section of the act.

But to hold, as the court did in this case, when an action is being prosecuted by the executor of the original plaintiff, that the defendant may not testify regarding a transaction with, or statement by the original plaintiff, though the executor has put in evidence the deposition of his testator, giving his version of such transaction or statement,—that the defendant is restrained by the second section of the act from testifying in regard to the same matter, is to violate the spirit, intent, and reason of the act in an endeavor to observe its mere letter. It is unquestionably a fundamental canon of construction, that such interpretation shall be given to acts of the Legislature as will effectuate the intent and purpose of the law-makers in their enactments, when the intent of the law is plain and obvious, rather than to follow its literal import or mere grammatical construction.

Evidently, the cases within the legislative mind, when enacting the second section of the act here in question, were suits brought by or against executors, administrators, or guardians, and not actions revived by or against them, and when, as here, the deposition of the party by whom the action was brought had been taken in his own behalf and introduced in evidence by his representative. In such case, if the executor insists on putting the deposition of his testator in evidence, it

does not violate, but accords with, the reason and spirit of the law, and its proper construction, to permit the other party to the suit to also give his version of the matters between himself and the deceased referred to in such deposition; and this seems to be the interpretation given elsewhere to similar statutes. (Mumm *v.* Owens, 2 Dill., (U. S. Cir. Ct.,) 475; Munroe *v.* Napier, 52 Ga., 385.)

The judgment is reversed and the cause remanded.

Reversed and remanded.