W. H. HEARD v. J. W. BUSBY.

(Case No. 1768.)

1. EVIDENCE.— In a suit against an administratrix to recover money alleged to have been collected for plaintiff by her intestate, and not paid over, the plaintiff will not be permitted to detail in evidence the transaction between himself and the intestate, which it was claimed resulted in an agreement between them that the deceased should collect the money and apply it to the payment of a note in his hands for collection against the plaintiff.

ERROR from Tyler. Tried below before the Hon. W. H. Ford.

John W. Busby brought suit against M. L. Cline, administratrix of the estate of W. B. Cline, deceased, alleging that W. B. Cline had died and was a citizen of Tyler county; that administration was pending in that county upon his estate; that Cline, deceased, was an attorney at law; that he, Busby, placed certain school vouchers in Cline's hands for collection as attorney, which vouchers were described; that Cline took the vouchers as attorney to collect, and promised to collect them and to pay the proceeds to Busby, or to appropriate the same to the payment of a certain note, executed by Busby to Sutton, which note Cline held for collection. Suit was instituted on this note in the district court of Tyler county, on the 12th day of October, 1875, by W. M. Lewin; that Cline collected on said drafts $237.32, but failed and refused to credit the note or pay that sum to Busby; that a trust relation existed between Busby

and Cline, and that Busby did not know and could not have known of the collection and failure to pay, etc., until January, 1877; that Busby presented his account against the estate and to the administratrix for allowance as a claim against said estate, and that the same was rejected by her.

The court permitted Busby to give evidence as to transactions between the deceased, Cline, and himself in regard to collecting the school vouchers and application of the money.

*Stephen P. West*, for plaintiff in error.

WEST, ASSOCIATE JUSTICE.— The court erred in permitting the appellee to detail in evidence the transactions between himself and the intestate, Cline, which resulted in the agreement between himself and the deceased that the deceased should collect the school vouchers in question, and apply the money so received to the payment of the Sutton note that was in the hands of the deceased for collection.

This evidence was very material to appellee's case, under the averments in the pleadings, and the facts should have been established by competent evidence. Parks *v.* Caudle, 58 Tex., 221; Runnels *v.* Belden, 51 Tex., 48; McCampbell *v.* Henderson, 50 Tex., 602; Lewis *v.* Aylott, 45 Tex., 202.

As the case will be reversed, it may not be improper to call the attention of the parties to certain other matters disclosed by the record.

There was filed a general demurrer to the appellee's petition, and also, by special exception, the statute of limitation of two years was set up.

The title of the appellee is not fully set out in his petition. His ownership of the vouchers is nowhere distinctly alleged.

It also appears that, after deducting the period of one year after the death of Cline, still more than two years have elapsed, after the cause of action arose, before the suit was filed.

In view of another trial, we have deemed it proper to call attention to these matters so that the parties can take such further steps in the matter as they may deem best.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 1, 1884.]