## A. E. DAVIE, EXECUTOR, v. J. B. GREEN.

### Decided December 8, 1910.

**1.—Judgment—Executor—Appeal.**

   A judgment is to be construed in the light of the entire record in determining whether it is against the defendant personally, or in a representative character. The suit being against defendant as executor, a judgment against him, not mentioning his capacity, is to be taken as one against him as executor and he may appeal as such.

**2.—Homestead—Descent and Distribution.**

   On the death of one intestate and insolvent, and leaving a wife but no descendants, the homestead, community property, passed to the wife. The independent executor of her will was not liable for a debt contracted by her husband in his lifetime and not assumed by her; nor was it assumed by a direction in her will that all her just debts should be paid.

Appeal from the County Court of Franklin County. Tried below before Hon. G. E. Cowan.

*R. T. Wilkinson,* for appellant.

*S. M. Long,* for appellee.

LEVY, ASSOCIATE JUSTICE.—Monroe Bigelow and his wife Emily owned and occupied a small tract of land as their home. It was community property. They had no children. Monroe Bigelow died intestate, and his wife continued to reside on the premises as her home to her death, which occurred some time afterwards. There was no other property at the death of Monroe Bigelow, except a few exempt articles. Before his death Bigelow was indebted to appellant, and executed to him a note, which was unpaid at the time of his death. The wife never assumed to pay this note after the death of her husband. Just before her death the wife executed a will devising the land to appellant and constituting him an independent executor. The will was probated. This suit was brought against appellant as executor of the estate of Emily Bigelow, deceased.

Every judgment, when ambiguous as to the party or his particular capacity against whom it is rendered, must be read and construed in the light of the entire record in the case. Dunlap v. Southerlin, 63 Texas, 38; Sass v. Hirschfeld, 23 Texas Civ. App., 396, 56 S. W., 941; 23 Cyc., 1106. There are recitals in the judgment, we think, that make it ambiguous. Looking to the pleading and evidence, it appears that a judgment was only sought against appellant as executor, and not individually. When construed and interpreted in the light of the

pleadings, the judgment, it must be said, in legal effect, is one against the appellant as executor of the estate; therefore the motion to dismiss is overruled.

The court. erred in not giving a peremptory instruction to the jury to return a verdict for appellant, and the assignment in this respect is sustained. Monroe Bigelow's estate was insolvent at his death, and his wife was not personally liable for his debt. .It does not appear that she ever assumed to pay it after his death. The homestead passed absolutely to her, and it was not liable for the husband's debt. After Emily Bigelow's death it did not become subject to the debts of the deceased husband. The principle is fully discussed in Dorman v. Grace, 122 S. W., 401.

The judgment is reversed and here rendered for appellant, with all costs.

*Reversed and rendered.*