## VOGT v. GUIDRY. (No. 6502.)

(Court of Civil Appeals of Texas. San Antonio. March 16, 1921.)

1. **Action ⬤⟿38(1)—Allegations as to breach of marriage promise held not a separate count in action for slander.**

An action *held* not objectionable as misjoining an action for slander with a count for wrongful conduct inducing defendant's brother to commit a breach of promise to marry plaintiff, but that it merely stated an action for slander alleging breach of marriage promise as one of its results.

2. **Libel and slander ⬤⟿85—Petition held sufficient as to allegation of slanderous words and effect.**

A petition, charging defendant with falsely accusing plaintiff with the theft of money and inducing defendant's brother to break off his engagement to marry plaintiff, *held* sufficient as to statement of slanderous words and the effect of the same.

3. **Continuance ⬤⟿10—Held properly refused for pendency of other cause.**

It was proper to refuse to grant a continuance in an action for slander, causing breach of the promise of defendant's brother to marry plaintiff, because of pending action by plaintiff against the brother for such breach of marriage promise, since the judgment in such case could not bar or mitigate the damages in this.

4. **Libel and slander ⬤⟿51(1) — Communications to sheriff not made in good faith are not privileged.**

In an action for slander, charges made by the defendant to the sheriff were not privileged where not made with an honest desire to promote the ends of justice, but to injure the plaintiff and to cause the breaking of her engagement to marry defendant's brother.

5. **Evidence ⬤⟿76 — Defendant presumed to have no evidence against plaintiff where he failed to deny allegations.**

Where defendant accused of slander did not deny under oath any of the allegations made

against him, it will be concluded that he had no evidence against plaintiff and that the accusations against plaintiff's character could not be sustained.

6. **Appeal and error ⬤⟿216(2)—If instruction insufficient, party injured should ask additional charge.**

In an action for slander where the court gave the correct general definition of malice, if that was not sufficient as applied to the facts the defendant should have asked for an additional charge, otherwise he cannot complain, where the facts were sufficient to raise the issue of his ill will toward plaintiff.

7. **Libel and slander ⬤⟿109—Evidence of engagement of plaintiff to defendant's brother held admissible to show motive and ill will.**

In an action for slander where privilege was claimed, evidence as to the engagement and preparation for marriage of plaintiff and defendant's brother was permissible as tending to show a motive for defendant's making defamatory representations as to plaintiff and as a reason for ill will.

8. **Appeal and error ⬤⟿1050(1)—Admission in evidence of conversation held not prejudicial error.**

In an action for slander, admission in evidence of a conversation between plaintiff and detective, which took place practically in defendant's presence and most of which he could and probably did hear, *held* not reversible error; the evidence not tending to arouse prejudice.

9. **Trial ⬤⟿30—Court should not permit applause and laughter.**

Applause and laughter should not be permitted in the trial of a case.

10. **New trial ⬤⟿31 — Should be granted for misconduct of counsel thwarting justice, whether objected to or not.**

Although it is a general rule that advantage cannot be taken of improper argument before a jury unless the objection be presented at the time the argument is made, yet, where the argument is intensely vituperative and based on matters not in evidence, so that it necessarily must have caused prejudice and probably thwarted justice, the trial judge should set aside the verdict even though no objections were urged at the time.

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Action by Beulah Guidry against Rudolph Vogt. Judgment for plaintiff, and the defendant appeals. Reversed and remanded.

Boyle, Ezell & Grover and Lewright & Lewright, all of San Antonio, for appellant.

W. C. Linden and Joe H. H. Graham, all of San Antonio, for appellee.

FLY, C. J. Appellee sought a recovery of damages in the sum of $60,000, against appellant, alleged to have accrued to her through the slanderous language of appel-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lant in accusing her of the theft of money and inducing his brother, Arthur Vogt, to break off his engagement to marry her. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered in favor of appellee for $3,000 actual and $1,000 exemplary damages.

[1] The first assignment of error assails the action of the court in refusing to hold that there was a misjoinder of actions, the contention being that an action for slander and one for wrongful conduct in inducing a brother to commit a breach of promise of marriage cannot be joined in the same suit. In connection with the allegations as to the circulation of the slanderous statements made by appellant, impeaching the honesty and integrity of appellee, it was alleged that such falsehoods were concocted and imparted by appellant to Arthur Vogt, who was at the time engaged to be married to appellee, for the purpose of destroying his confidence in her and to cause him to cancel his engagement with her, and that said slanderous charges did produce that result. The suit was really based only on one ground, that of slander, and the allegations as to the results flowing from the slander were to show how appellee had been injured thereby, as well as to show malice. There were not two causes of action, but only one, all the results alleged to have been produced by the slander being made to indicate the manner in which appellee had been damaged thereby. Loss of marriage grew directly out of the speaking of the slanderous words. It was the natural and immediate consequence of the wrongful act and could be pleaded and proved as a basis for special damages. The allegations tended to show the evil intent and malice of appellant in his design to prevent the marriage of appellee and Arthur Vogt. The first assignment is overruled.

[2] The second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error are overruled. The statements in the petition as to the slanderous words are sufficient and the effects of the same on the life and reputation of appellee arising therefrom.

[3] The trial court properly refused to grant a continuance until a certain case pending in the Supreme Court of the state on an application for a writ of error, wherein appellee was plaintiff and Arthur Vogt was defendant, was decided, and in which she had recovered a judgment for $5,000 for breach of promise of marriage and which had been affirmed by the Court of Civil Appeals of the Fourth Supreme Judicial District, 220 S. W. 343. The decision in that case could have no possible effect on the decision in this. This is an action for damages arising from slander, the other one for breach of promise, and each was properly made the subject of damages arising from separate un-

229 S.W.—42

lawful acts. The judgment in the other case could not be made available as a bar, or in mitigation or reduction of the damages in this case. The eleventh and twelfth assignments of error are overruled.

The thirteenth to the twenty-fifth assignments of error assail the sufficiency of the evidence to sustain the verdict, and in view of a reversal need not be discussed. The facts were sufficient to go before a jury.

[4, 5] The charges against appellee made to the sheriff by appellant were not privileged. In order to render communications as to crime privileged, they should be made in good faith and in the honest desire to promote the ends of justice. If any other purpose influences the communication, the protection of privilege is removed. In this case appellant was in Colorado when appellee and Arthur Vogt became engaged, and after he returned, in March, 1919, there was trouble about the cash in the register every afternoon in balancing it. It was always from $2 to $4 short. No such trouble had occurred prior to that time. Appellant waited on customers and used the cash register. He learned after his return of the engagement between Arthur Vogt and appellee, and became "very cool" towards appellee and would not speak to her unless compelled by necessity. Arthur Vogt told appellee that appellant had been telling him "right along" that appellee was taking money. Appellant was the sole instigator of the accusation against appellee and poisoned the mind of his brother against her, and yet neither he nor his brother, nor the detective, testified in this case. He was willing to make charges against the honesty and integrity of a young girl, but failed to sustain his charges by any proof whatever. He did not deny under oath one of the allegations made against him. From this record it must be concluded that appellant had no evidence whatever against appellee, and that his accusations and those of the detective could not be sustained.

[6] The twenty-sixth and twenty-seventh assignments of error are overruled. The court gave the correct general definition of "malice," and if it was not sufficient as applied to the facts, appellant should have asked for an additional charge, applying it to the facts. The facts and circumstances were sufficient to raise the issue of appellant's ill will towards appellee.

[7] The twenty-eighth to the thirty-third assignments of error, inclusive, are overruled. The facts as to engagement and preparation for marriage of appellee and Arthur Vogt were permissible as tending to show a motive for the acts of appellant in making the defamatory representations as to appellee. They furnished a reason for the ill will of appellant.

[8] The conversation between appellee and the detective took place practically in the

presence of appellant and he could have heard, and probably did hear, a large part of the conversation. That conversation did not tend to arouse any prejudice against appellant. The thirty-fourth, thirty-fifth, thirty-sixth, and thirty-seventh assignments of error are overruled.

The thirty-eighth and thirty-ninth assignments of error are disposed of in the consideration of other assignments and are overruled.

[9] The fortieth assignment of error complains of the failure of the court to rebuke and repress laughter and applause by persons in the courtroom at the close of a speech by one of the counsel for appellee. Applause and laughter should not be permitted in the trial of a case, and it is probable will not be done on another trial.

[10] Through the medium of the forty-first, forty-second, forty-third, and forty-fourth assignments of error appellant complains of the arguments made by counsel for appellee while addressing the jury. No complaint or objection to the argument was made during its delivery, but the first time that any objection to the argument was called to the attention of the trial judge was when embodied in a motion for a new trial.

It is the general rule that advantage cannot be taken in an appellate court of improper argument before a jury, unless objection be presented at the time the argument is made, and there are numerous Texas cases sustaining the rule. However, there are exceptions to the rule, and where the argument is intensely vituperative, and is based on matters not in evidence, and which necessarily must have caused prejudice and probably thwarted justice, it becomes the duty of the trial judge to set aside the verdict of the jury, even though no objections were urged to the argument when made. Willis v. McNeill, 57 Tex. 465; Railway v. Jarrell, 60 Tex. 267; Willis v. Lowry, 66 Tex. 540, 2 S. W. 449; Railway v. Greenlee, 70 Tex. 553, 8 S. W. 129; Prather v. McClelland, 26 S. W. 657; Railway v. Rehm, 36 Tex. Civ. App. 553, 82 S. W. 526; Railway v. Washington, 42 Tex. Civ. App. 380, 92 S. W. 1054; Alamo Iron Works v. Prado, 220 S. W. 283.

The argument of counsel for appellee was of the most inflammatory nature and calculated to arouse the most intense passion and indignation of the jury towards appellant. Much of it is not based upon the facts disclosed in the statement of facts, and is abusive of appellant and of a man wno was not a witness in the case, and was abused because he did not testify. Such philippics may be permissible in partisan politics, or in the denunciation of disloyalty and treason from the rostrum, but can find no excuse for existence before the altars of justice, where sober judgment and calm consideration of facts should guide and direct the actions of judge and jury. No such acrimonious invective should be countenanced in a court of justice and equity. What effect such argument may have had on the jury cannot be known; but from the manner in which it excited and aroused the feelings of the bystanders, it can be surmised with extreme reasonableness that it may have struck a responsive chord in the hearts of the jurymen.

Because of the intemperate argument of counsel, the judgment is reversed, and the cause remanded.