**PARKER et al. v. MILLER et al.    (No. 6618.)\***

(Court of Civil Appeals of Texas. Austin. Oct. 31, 1923. Rehearing Denied Jan. 17, 1924.)

1. **Executors and administrators ⬄438(8)— No misjoinder of parties by not making administrator of deceased plaintiffs party to suit.**

Where their homestead was the only property which plaintiffs had, and they sued to set aside a deed thereof as being a mortgage, in which suit defendants, on the death of plaintiffs, filed a cross-action against plaintiffs' children making them parties by scire facias, and asking judgment for title to the land involved in the suit, there was no misjoinder of parties in that an administrator should have been appointed for plaintiffs' estates and made a party to the suit instead of making their heirs parties, since there was no necessity for administration of plaintiffs' estate, as a recovery, if had, would have been exempt from claims of creditors.

2. **Executors and administrators ⬄3(1)—No necessity for administration where estate is exempt.**

Where the only property of an intestate is exempt, no necessity for administration exists.

3. **Witnesses ⬄175(1)—Defendants held entitled to testify to transactions with deceased where plaintiffs introduced such testimony on former trial.**

In an action to set aside a deed in which defendants on the death of the original plaintiffs filed a cross-action against the children of plaintiffs making them parties, the substituted plaintiffs having introduced the testimony of deceased plaintiffs at a former trial, defendants were not prohibited by Rev. St. art. 3690, from testifying to the same transactions and conversations brought out by the former testimony of the deceased.

4. **New trial ⬄44(1)—No abuse of discretion by trial court in refusing to grant new trial.**

In an action to set aside a deed, the court did not abuse its discretion, in view of Rev. St. art. 2021, in refusing to grant a new trial for the alleged improper remark of the foreman of the jury, where he denied making any such remark, and the jurors denied hearing it.

5. **New trial ⬄140(3)—Burden on party seeking new trial to show that alleged misconduct operated to his injury.**

Where a new trial is sought on account of misconduct of the jury, the burden is on the party seeking to impeach the verdict to show such misconduct operated to his injury.

On Rehearing.

6. **Appeal and error ⬄207, 1060(1)—Remarks of counsel held fundamental error, but not reversible error.**

In an action to set aside a deed, where during argument to the jury defendant's counsel interrupted plaintiff's counsel and asked him if he did not know that on a former trial, one of the plaintiffs had testified contrary to his testimony in the present trial upon a material matter, there being no evidence that such was true, such remarks were fundamental error, not being matters upon which the jury could afterwards be interrogated, in view of Rev. St. art. 2021, to discover their prejudicial effect, but did not constitute reversible error, where the testimony of such witness had been impeached, and, regardless of the improper conduct of counsel, the jury could not have decided the issue other than the way they did.

7. **Mortgages ⬄38(1)—Finding that conveyance was to operate as an absolute deed sustained.**

In suit to set aside a conveyance on the ground that it was intended only as a mortgage to secure a loan, evidence *held* to sustain a finding that the conveyance was to operate as an absolute deed.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error granted March 5, 1924.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Suit by Thomas' Parker and another against F. M. Miller and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Tyler, Hubbard, Monteith & Dougherty, of Belton, for appellants.

A. L. Curtis and Winbourn Pearce, both of Temple, for appellees.

BAUGH, J. This suit was originally brought on April 14, 1920, by Thomas Parker and wife against V. A. Russell and wife and F. M. Miller and wife, to set aside a deed from plaintiffs to V. A. Russell, dated January 8, 1915, conveying their homestead, consisting of 87.45 acres of land in Bell county, on the ground that it was intended only as a mortgage to secure a loan; and also to set aside a deed from V. A. Russell and wife to F. M. Miller, dated January 14, 1917, conveying the same land to Miller, on the ground that Miller knew the conveyance to Russell was only an attempted mortgage, and that he agreed with the plaintiffs at the time merely to carry the loan of Russell against them. It appears that the case had two mistrials, and that prior to the third trial both the plaintiffs died intestate. A term of said court passed after their death in which no action appears to have been taken, but before a second term convened the defendants filed, in addition to other pleadings, a cross-action against all the children of the original plaintiffs, making them parties by scire facias, and asked judgment against them for title to and possession of the land involved in the suit. The case was again tried in November, 1921, and submitted to a jury on special issues. The jury found that the conveyance from Parker and wife to Russell was intended as a general warranty deed, and not as a mortgage. In this trial the testimony of Thomas Parker and his wife, Catherine Parker, at a former trial, as transcribed by the court reporter, was introduced by agreement. The trial court rendered judgment for defendants.

## Opinion.

[1, 2] Appellants urge as their first proposition that the trial court erred in not sustaining their plea, seasonably made, of misjoinder of parties. They insist that the case should have been continued and an administrator of the estates of Thomas and Catherine Parker appointed and made a party to the suit instead of making their heirs parties by scire facias. We think there was no error in this. It is the well-settled law of this state that in order for the heirs of deceased plaintiffs to properly proceed in the prosecution of a suit brought by their parents they must show that they are such heirs, and that no administration is pending or necessary. In this case it clearly appears that no administration was necessary. It is undisputed that the only property plaintiffs had was their homestead, which they had conveyed to one of the defendants, and their only ground for recovery was that that transaction was in fact an attempt to mortgage such exempt property. Even had plaintiffs recovered it, it would have passed to the heirs free from claims of creditors. Davie v. Green, 63 Tex. Civ. App. 259, 132 S. W. 874; Wade v. Scott (Tex. Civ. App.) 145 S. W. 675. Where the only property of an intestate is exempt, no necessity for administration exists, and it would be futile to incur that additional expense. Rivera v. A., T. & S. F. Ry. Co. (Tex. Civ. App.) 149 S. W. 223; Cohn v. Saenz (Tex. Civ. App.) 211 S. W. 492.

The heirs of plaintiffs having taken no action at the first term of the district court after death of the original plaintiffs, the defendants, in order to properly proceed with the case, then made the heirs parties, by scire facias, as provided in article 1887 of the Revised Civil Statutes. They could not have properly proceeded otherwise.

[3] Appellants' second proposition is that the court erred in admitting the testimony of the defendants V. A. Russell, F. M. Miller, and Mrs. F. M. Miller as to conversations and transactions they had with Thomas Parker and Catherine Parker, both deceased, citing article 3690 of the Revised Statutes, and numerous authorities. Revised Statutes, art. 3690, has been the law of this state since 1879, and has been construed by the courts many times. Its purpose is obvious, and every protection has been and should be thrown around transactions with those whose voices are stilled by the grim reaper. In this case, however, all of the testimony of both Thomas Parker and Catherine Parker given at a former trial concerning the conveyances attacked and all the conversations and negotiations leading up to them had been introduced by the appellants. Indeed, the appellants could have made out their case, after the death of both original plaintiffs, in no other way. Having introduced all this testimony of the decedents which, if taken alone, would establish appellants' case, it would be a travesty of justice, and violative of the spirit of the statute itself, to say to the appellees defendants below, that you cannot even deny the truth or falsity of the evidence against you. To do so would enable the heirs of the deceased in such case to work as great injustice on those who had dealt with decedents as would be possible were the statute repealed and claimants allowed to prove transactions with deceased persons. Having introduced the testimony of the deceased plaintiffs at a former trial, we think that the defendants were entitled to testify concerning the same transactions and

conversations brought out by the former testimony of the deceased. Runnels v. Belden, 51 Tex. 48; O'Neill v. Brown, 61 Tex. 34; Marshall et al. v. Campbell (Tex. Civ. App.) 212 S. W. 723. These assignments of error are overruled.

[4, 5] In their fourth proposition appellants claim that the verdict of the jury was arrived at through improper conduct on the part of one of their number. One juror at the hearing on appellants' motion for a new trial testified that in their deliberations the foreman remarked that it would not be right to take property away from a white man and give it to a negro on negroes' testimony, and that such remark influenced him in arriving at a verdict. All other jurors denied hearing any such remark, and the foreman denied making any such remark.

Revised Statutes, art. 2021, vests the granting of a new trial in the sound discretion of the trial court, and only in cases where that discretion has been abused and the rights of the parties disregarded will the trial court's action be reviewed on appeal. T. & B. V. Ry. Co. v. Geary (Tex. Civ. App.) 194 S. W. 458; Virginia F. & M. Ins. Co. v. Ry. Co. (Tex. Civ. App.) 173 S. W. 487; Kaker v. Parrish (Tex. Civ. App.) 187 S. W. 517; Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Campbell v. Campbell (Tex. Civ. App.) 215 S. W. 134. And where a new trial is sought on account of misconduct of the jury the burden is on the party seeking to impeach the verdict to show such misconduct as operated to his injury. Kaker v. Parrish, cited above. We think that the appellant did not discharge that burden in this instance, and find no abuse of discretion by the trial court in overruling plaintiffs' motion for new trial. The assignment is overruled.

Appellants' third proposition is that it was reversible error for defendants' counsel during the closing argument of plaintiffs' counsel and in the presence and hearing of the jury to interrupt plaintiffs' counsel and ask if he did not know that on a former trial one of plaintiffs had testified directly contrary to his testimony in this trial upon a material matter, there being no evidence in the record that such was true. It appears that plaintiffs' counsel to whom such remark was addressed had not participated in the former trial of the case. This was undoubtedly improper conduct on the part of defendants' counsel. If in fact such plaintiff had testified differently at a former trial, the proper manner of getting that before the jury was to have introduced the former testimony to impeach him. It was error to seek to get such matter before the jury otherwise. However, it appears that no objection was made by plaintiffs' counsel at the time, no request to the court to instruct the jury with reference to same, and no bill of exceptions reserved. Nor did the plaintiffs, in their motion for a new trial, when they had several jurors before the court on the question of misconduct of the jury, undertake to show or seek to discover whether such improper remarks of counsel influenced any of them in any manner in arriving at their verdict. Had it so influenced them, with the jurors already before the court on other grounds set out in their motion for a new trial, we think plaintiffs' counsel could have easily shown that fact; in which event the trial court should have granted a new trial. In the absence of all these things we do not think counsel has met the rule laid down by the courts authorizing appellant to take advantage of such error on appeal.

But, aside from this, we do not think that the remark made by appellees' counsel in the presence of the jury was of such character as to prejudice or inflame the minds of the jury or unduly influence them. Where counsel becomes abusive in his argument, vituperative, or discusses matters not in evidence in such manner as to necessarily prejudice the minds of the jury and probably thwart justice, even though no objection is made at the time, the appellate court may make an exception to the general rule and correct the error. We do not think the instant case presents such exception. The improper question of counsel went only to a matter of impeachment of the witness, Zimri Parker, who was also a plaintiff. This witness, on the same material testimony, had already been impeached by the witnesses Will Lynch and Chas. M. Campbell. If the jury believed these two disinterested witnesses, they disbelieved Parker's testimony anyway, so we are not prepared to say that even if the jury was influenced by counsel's improper remarks, which is not shown, the appellant was injured, and that injustice has been done. And, though the remark of counsel was clearly error, we do not think it was of such inflammatory, prejudicial, or impressive character as was calculated to arouse passion or prejudice in the minds of the jury and influence them in arriving at their verdict. In the absence of this, and because of the failure of appellants to make proper objection to it at the time, or to show upon their motion for a new trial that the jury was in fact influenced thereby, we must hold that the error was not of such consequence as to require a reversal of the case.

The judgment of the trial court is affirmed. Affirmed.

## On Rehearing.

[6] Since appellants' motion for rehearing was filed a new member of this court has been added to succeed our lamented Chief Justice Key. We have therefore fully and carefully reconsidered the entire record with especial regard to the matter of misconduct of counsel on the trial, complained of by appellants, and stressed in their motion. This

reconsideration leads to a somewhat different conclusion on this point, and to a correction of our former opinion, but does not induce us to change our former disposition of the appeal. We have concluded that we erred in our statement that the appellants could have ascertained from the jurors, when they had them before the court on their motion for a new trial, whether or not the improper conduct of counsel complained of did in fact influence them in arriving at their verdict. This they were not authorized to do. Article 2021 of the Revised Statutes authorizes the trial court to hear testimony either of jurors or others, on motion for new trial, as to their verdict, but this is confined entirely to the matters mentioned in this article. And, though it does authorize hearing testimony "because of any communication made to the jury, or because the jury received other testimony," we think that an improper remark of counsel during the trial, asserting before the jury facts not in the record, cannot be considered as coming within the provisions of the statute, or as being matters upon which the jury could afterwards be interrogated.

[7] Upon a further reconsideration of the conduct of counsel complained of, we are of the opinion that it was perhaps of such a prejudicial character as to bring it within the exceptions to the rule well stated in Vogt v. Guidry (Tex. Civ. App.) 229 S. W. 656, authorizing this court to consider it, notwithstanding no objection was made at the time and no request made to the trial court to instruct the jury to disregard it. Though the remark of counsel may have been of such character as was calculated to prejudice the jury against the plaintiff Zimri Parker, and perhaps to unduly discredit his testimony, we do not consider the matter to which counsel's remark referred, or the testimony of Zimri Parker concerning it, vital to the proper disposition of the case. A careful rereading of all the testimony leads us to the conclusion that the great preponderance, if not the overwhelming preponderance, of the evidence sustains the disposition of the case made by the trial court.

There is practically no testimony to sustain plaintiffs' case except that of Tom Parker and wife, Catherine, and their son, Zimri Parker, who became a plaintiff after they died. Other than the execution of the various instruments involved, Catherine Parker knew little about the transactions except what her husband, Tom Parker, told her. The testimony of Tom, Catherine, and Zimri Parker was flatly contradicted by that of V. A. Russell, F. M. Miller, and Mrs. F. M. Miller. Zimri Parker knew nothing about the transaction between his father and V. A.

Russell. In addition to this, Tom Parker's reputation for truth and veracity was directly impeached by 13 disinterested witnesses. Will Jennings, a disinterested witness, testified that about the time Russell bought the place Tom Parker tried to sell it to him. It is also uncontroverted that in addition to assuming the $3,400 loan against the place Russell had the title examined, paid off a second lien against the place of $486.65, and executed to Tom Parker three vendor's lien notes, aggregating $1,000. These notes were later released by Tom Parker. Tom Parker testified that Russell had advanced him various sums thereafter to make a crop, and that he turned over cotton to Russell.

It is also uncontroverted that, when Russell conveyed the land to Miller, Miller, in addition to assuming the $3,400 loan against the place, which he subsequently paid off, paid Russell $2,600 in money; that at that time he had an attorney examine the title to the land; that Tom and Catherine Parker then made an affidavit that their deed to Russell was a bona fide conveyance, and that they claimed no interest in the land; and also executed a quitclaim deed to Miller and then entered into a written rental contract with Miller for the place. It is also uncontradicted that Tom Parker never thereafter either rendered the land for taxes nor paid any taxes thereon, and that he regularly up to the time suit was filed deposited rents from the place in the bank to the credit of Miller. Though Tom and Catherine Parker either claimed that they did not remember what was done at the time of the execution of these various instruments or that same were not explained to them, the witnesses to such instruments and the notary who took their acknowledgments testified that they were fully explained to them at the time. Three disinterested witnesses testified that Tom Parker had told them after he had executed the deeds that he had sold his place, and that it was owned by Miller.

A careful rereading of the record also discloses that the testimony of Zimri Parker on the matter to which the improper remark of counsel was addressed, in addition to being either contradicted or impeached by the witnesses Will Lynch and C. M. Campbell, was also impeached by the testimony of Dr. J. A. Lynch and G. W. Cantrell.

With such a preponderance of the evidence against the plaintiffs on the one issue in the case, regardless of what effect the improper conduct of counsel may have had on the jury, we think they could not, in all probability, have decided the issue other than they did decide it. Appellants' motion for rehearing is therefore overruled.

Motion overruled.