### CITY OF WACO v. ODLE. (No. 12.)

(Court of Civil Appeals of Texas. Waco. Jan. 3, 1924.)

Appeal and error ⬅170(6)—Court rule as to technical error held not to excuse argument of counsel on evidence of plaintiff's support of parents and sister.

Court of Civil Appeals rule 62a, providing that causes should not be reversed unless for error reasonably calculated to cause the rendition of an improper judgment, will not excuse the act of counsel, in a suit by a woman for damages for loss of time and for mental and physical pain in adverting in argument to the fact that she supported her parents and sister, or the testimony of plaintiff and that of her mother as to the amount that plaintiff gave towards the support of her parents and sister.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

On rehearing. Motion for rehearing overruled.

For former opinion, see 257 S. W. 310.

John McGlasson, of Waco, for appellant.

Spell, Naman & Penland, of Waco, for appellee.

BARCUS, J. Appellee in her motion for rehearing vigorously assails the holding of the court in reversing this cause because of the testimony admitted over the objection of appellant, and the argument of counsel, and contends that, under rule 62a, if the trial court's action with reference thereto was error, it was harmless in that it is not shown that the verdict of the jury was excessive.

Appellee's mother, Mrs. Odle, testified, over objection of appellant, that appellee at the time of the injury was supporting the family, paying the taxes, buying the groceries, paying for the home, and contributing in all about $250 a month to the support of her father, mother, and sister. Appellee testified that she paid the living expenses for herself and the family, which consisted of her father and mother and sister, which amounted to about $200 to $250 a month. In his closing argument to the jury, counsel for appellee used this language, which was properly objected to by appellee:

"The devoted hours of care; every tear that was dropped over that baby; every smile that was given this girl by this loving mother; every care that was shouldered by her, has to-day been repaid in many fold by this frail and beautiful daughter. I say, gentlemen, if everything else was taken out of this case, it ought to be remarked upon. Mother love is great enough, gentlemen, but when you find such devoted filial love as this, it almost passes understanding! Here you have this young woman tied to her mother, her father and her sister by an indomitable affection, trying to repay in a small measure those hours of devotion spent on her in her infancy; trying to make those declining years of her father and mother, who have already passed the springtime—yes, the summertime—of life, and are now going down the long vista into the cold winter of life, trying to keep the ravages of age and the oppressions all around her, off of her parents! There, gentlemen, that was the situation, and I don't exaggerate it; that was the situation, that confronted this young woman on that Sunday following the accident.

"I speak of that, gentlemen, not to awaken any emotion in your hearts, or on your part, or to ask for one more cent than we are entitled to by reason of any sympathy for this young woman; I mention that as a cold, hard fact for this jury. That young woman, as she lay upon her bed of suffering on that Sunday, if she had been a woman wholly without those ties I have mentioned; if she had had no one dependent upon her; if she had been that kind of woman—the degree and intensity of her suffering would not have been so much possibly, but you cannot measure in dollars and cents, gentlemen, accurately, that kind of suffering; you can only approximate it."

We recognize rule 62a, which provides in effect that causes should not be reversed unless the error of the trial court was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. We do not however, believe, where a single woman is suing for damages for loss of time and mental and physical pain, this rule should be construed as authorizing counsel in their desire to obtain a verdict from the hands of a jury to use such language as was used in this case, or to authorize the plaintiff and her mother to testify to the amount the injured party gave towards the support of her parents and sister.

The motion for rehearing is overruled.