PARKER et al. v. MILLER et al.
(No. 620–4126.)

(Commission of Appeals of Texas, Section A. Feb. 18, 1925.)

1. New trial ⊝29—New trial because of improper remarks of counsel held improperly denied.

New trial *held* improperly denied, where plaintiff's counsel, while discussing testimony of one of plaintiffs in closing argument, was interrupted by defendant's counsel asking if he did not know that same witness had on former trial testified directly contrary to testimony in instant trial; there being no evidence that such was case.

2. New trial ⊝32—New trial held not deniable on ground that, notwithstanding error, evidence sustains disposition made.

Where counsel made remark calculated to discredit testimony of opposing witness on material issue, court *held* without authority to deny new trial on ground that, notwithstanding that error, preponderance of evidence sustained disposition of case as made; jury being exclusive judge of fact.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Thomas Parker and others against F. M. Miller and others. Judgment for defendants was affirmed by the Court of Civil Appeals (258 S. W. 602), and they bring error. Reversed and remanded.

---

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tyler & Hubbard, of Belton, for plaintiffs in error.

A. L. Curtis, of Belton, for defendants in error.

BISHOP, J. The only question here presented is whether it was reversible error for counsel representing defendants in error to interrupt counsel for plaintiffs in error while making his closing argument by asking him in the hearing of the jury if he did not know that on a former trial of the cause one of the plaintiffs in error had testified directly contrary to his testimony given in the trial being had, upon a material matter; there being no evidence that such was true.

This is a suit by the children and heirs at law of Thomas Parker and wife, Catherine Parker, plaintiffs in error, against V. A. Russell and wife and F. M. Miller and wife, to set aside a deed executed by Thomas and Catherine Parker to V. A. Russell, of date January 8, 1915, to 85.45 acres of land, and also to set aside a deed from said Russell and wife to F. M. Miller to said land of date January 14, 1917; it being alleged that the land was the homestead of Thomas and Catherine Parker at the time of the execution of said deeds; that when said first-mentioned deed was executed it was intended by all the parties thereto only as a mortgage to secure a loan; and that when the deed was executed by Russell and wife to Miller the latter knew that the deed to Russell was only a mortgage, and not intended to convey title.

Zimriah Parker, one of the plaintiffs in error, testified that F. M. Miller had made and written certain figures and memoranda, which were in evidence, and had given same to him as indebtedness claimed by Miller. This evidence was material as bearing on the issue as to whether Parker owed Miller an indebtedness which was intended to be secured by those deeds. Miller denied that he had made said figures or had given them to Zimriah Parker, or that he had claimed any indebtedness owing him by Parker.

[1] In the closing argument before the jury counsel for plaintiffs in error was discussing this testimony of Zimriah Parker when he was interrupted by counsel for defendants in error, who, in the presence and hearing of the jury, asked him whether he knew that Zimriah Parker on a former trial of the cause had testified that F. M. Miller did not in fact write said figures and memoranda, and offered to hand to him the stenographer's transcript of the evidence of said witness on a former trial. There was no evidence that the witness had ever testified as suggested by the question asked.

The trial resulted in a verdict for defendants in error, and on appeal plaintiffs in error assigned as error the refusal of the trial court to grant a new trial because of the misconduct of counsel as above set forth.

This assignment was overruled by the Court of Civil Appeals in its opinion, using this language:

"Though the remark of counsel may have been of such character as was calculated to prejudice the jury against the plaintiff Zimri Parker, and perhaps to unduly discredit his testimony, we do not consider the matter to which counsel's remark referred, or the testimony of Zimri Parker concerning it, vital to the proper disposition of the case. A careful rereading of all the testimony leads us to the conclusion that the great preponderance, if not the overwhelming preponderance, of the evidence sustains the disposition of the case made by the trial court."

After stating the facts from which it concluded that the preponderance of the evidence sustained the verdict and judgment thereon, the court further says:

"With such a preponderance of the evidence against the plaintiffs on the one issue in the case, regardless of what effect the improper conduct of counsel may have had on the jury, we think they could not, in all probability, have decided the issue other than they did decide it." 258 S. W. 602.

It is clear that the remark of counsel was, not only calculated to discredit the testimony of Zimriah Parker and prejudice the jury against him, but also that counsel intended for it to have this effect. His conduct was unfair. As an officer of the court it was his duty to so conduct himself as not to interfere with an effort to award a fair trial before the jury on the issue of fact presented. The testimony of the witness was material to the issue, and the trial court should have granted the new trial, unless it can be said that it was within the province of the court to pass upon the preponderance of the evidence and refuse a new trial because the preponderance of the evidence supported the verdict and judgment.

The misconduct here complained of occurred at a time when under the law the jury were the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony. The plaintiffs in error have not had a fair trial before the jury on an issue of fact. The jury, with the issue fairly presented, must decide the question of the preponderance of the evidence before either the trial court on motion for new trial or an appellate court is authorized to pass upon this question, and the issue here has not been fairly presented.

[2] We cannot agree with the Court of Civil Appeals that the trial court was authorized to deny a new trial on the ground that the preponderance of the evidence supported the verdict and judgment, and recommend that the judgment of both the district court and the Court of Civil Appeals be reversed and the cause remanded to the district court.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.