## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. BRAZELTON. (No. 452.)*

(Court of Civil Appeals of Texas. Waco. Jan. 13, 1927. Rehearing Denied Feb. 10, 1927.)

**1. Trial ⟨key⟩125(1)—In machinist's action against railroad for injuries, statement of counsel, urging defendant be required to pay damages to force it to improve system, held prejudicial error.**

In machinist's action against railroad for injuries from alleged use of defective hammer, statement of counsel in argument that, when juries gave defendant to understand it was cheaper to furnish suitable tools and lights, and hammers free from defects than to force employees to work with defective equipment and knock their eyes out, "then they will improve their system and not until," *held* ground for reversal, being prejudicial as appeal to jury to penalize defendant by forcing it to improve its system through rendering judgment for plaintiff."

**2. Trial ⟨key⟩131(2)—Where argument is clearly erroneous, opposing counsel need not object at time.**

Where counsel's argument is clearly erroneous, uncalled for, and outside record, it is not necessary for opposing counsel to object at time argument is made.

**3. Trial ⟨key⟩125(1)—Counsel's duty in argument is to stay within record and refrain from using inflammatory remarks.**

Counsel has duty to stay within record in argument to jury and to refrain from inflammatory remarks, leaving jury to pass on issues raising testimony as presented by court.

**4. Evidence ⟨key⟩194—Refusing to permit injured machinist to identify hammer about which he testified he had complained held error.**

In action by machinist against railroad for injuries alleged to have been caused by use of defective hammer, refusing to permit plaintiff to identify particular hammer about which he complained *held* error, where question whether hammer offered in evidence was that complained about was material issue.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Action by J. B. Brazelton against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Trippett, Boggess & Sheehy, of Waco, for appellant.

Pat M. Neff and Jos. W. Hale, both of Waco, for appellee.

BARCUS, J. This suit was instituted by appellee to recover from appellant damages which he claims to have suffered by reason of the loss of an eye, which he alleged was caused by reason of a defective hammer he was using as a machinist in the shops of appellant in Waco. The cause was tried to a jury, submitted on special issues, and, based on the jury's findings, judgment was rendered for appellee. Hence this appeal.

A number of appellant's assignments of error relate to its requested charge for an instructed verdict, and to the alleged error on the part of the court in rendering judgment because the findings of the jury are not supported by the evidence. All of these assignments are overruled. We think the evidence was sufficient to authorize the court to submit the case to the jury and to sustain the jury's findings.

[1] Appellant complains of the argument made by Joseph W. Hale of counsel for appellee in his opening argument to the jury, when he used the following language:

"No; they are not to blame for the lights, or that door to the furnace being open, or that acetylene torch proposition. Oh, no, no! 'We ought not to have used an acetylene torch' and why not use an acetylene torch to take that tap off under conditions of that kind? They let the cat out of the bag when the witness said it was too expensive. Too expensive; that's the plea, and the only reason they suggest in this case for not using an acetylene torch on that day. How much do you suppose it would have cost, gentlemen of the jury, to have moved the acetylene torch, even though it did weigh 150 pounds, up there and safely remove those taps? Would it have cost the railroad company as much to move that torch up there and remove those taps as it has cost Brazelton to take a hammer and chisel and knock it off there in the dark, with those fluctuating lights, under conditions such as are described here? Your verdict in this case, gentlemen of the jury, will be the answer. If you turn him out, then the Cotton Belt was right when they said it would be cheaper and less expensive not to use the acetylene torch, and let him knock his eye out; they wouldn't give him the acetylene torch because it was too expensive, and that's the same reason they didn't give him a new hammer, and I tell you when the juries of McLennan county give the Cotton Belt to understand it is cheaper for them to furnish suitable and adequate tools and lights and hammers free of defects than it is to force their employees to work with that kind of equipment and knock out their eyes, then they will improve their system, and not until."

[2, 3] We sustain this assignment. The evidence in the case 'was very conflicting and closely drawn, and the statement of counsel, "And I tell you when the juries of McLennan county give the Cotton Belt to understand it is cheaper for them to furnish suitable and adequate tools and lights and hammers free of defects than it is to force their employees to work with that kind of equipment and

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 23, 1927.

knock out their eyes, then they will improve their system and not until," is, we think, highly prejudicial and inflammatory, and amounts to an appeal to the jury to penalize appellant by rendering a judgment for appellee and thereby force it to improve its system. While the argument was not complained of at the time it was made, it is of that class and character of argument that should not be indulged in and that attorneys should refrain from using. It is not necessary for counsel to object to the argument of counsel at the time same is made when it is clearly erroneous and uncalled for and entirely without the record. It is always the duty of counsel in his argument of a case to the jury to stay within the record, and to refrain from the use of inflammatory remarks, and to leave the jury untrammeled to pass on the issues raised by the testimony and as presented by the court. Parker v. Miller (Tex. Com. App.) 268 S. W. 726; City of Mart v. Hasse (Tex. Civ. App.) 281 S. W. 318; Davis v. Hill (Tex. Civ. App.) 272 S. W. 291; Bruyere v. Liberty Nat. Bank (Tex. Civ. App.) 262 S. W. 844; City of Waco v. Odle (Tex. Civ. App.) 257 S. W. 310; Id. (Tex. Civ. App.) 258 S. W. 559.

The question of what is and what is not reversible argument has been the cause of many pages of opinions being written, and no useful purpose could be accomplished by our adding thereto. It would be difficult to lay down any hard and fast rule with reference thereto. Each case must be determined on its own merits. In Wichita F. R. & Ft. W. Ry. Co. v. Emberlin, 274 S. W. 991, where a large number of cases are collated, a majority of the court reversed the judgment of the trial court because of improper argument of counsel. The Supreme Court, in 284 S. W. 539, reversed the Court of Civil Appeals and held the argument was not sufficient to reverse the case. In Parker v. Miller, 258 S. W. 602, the Court of Civil Appeals held certain argument was not reversible error, and the Supreme Court, in 268 S. W. 726, held that the improper argument was sufficient to reverse the case. We think the argument of counsel in this case belongs to that class which necessitates a reversal. The defendant, though it be a railroad corporation, should not be penalized and be required to pay an employee damages for the purpose of forcing it to improve its general system. There was no evidence in this case that any other person had ever been injured in the shops of appellant by the use of a de-

fective hammer, or that the company had been generally using defective hammers. There was evidence that the particular hammer being used by appellee was defective and that appellee had made repeated requests of the foreman over him for a good hammer, and that the foreman had failed and refused to furnish same. Because, forsooth, the company may have been negligent in this case would not authorize or justify counsel to appeal to the jury to penalize the company and thereby force it to improve its general system.

[4] Appellant further complains of the action of the trial court in refusing to permit appellee, Brazelton, to testify that the hammer he complained about to Mr. Hodges (his foreman) was the hammer that had a ⅜-inch hole in it. We sustain this assignment. The evidence with reference to the particular hammer that was being used by appellee at the time he received the injury was extremely conflicting. Appellee testified that he had complained on several different occasions to his foreman, Mr. Hodges, about the defects in his hammer; that his hammer was marked with a ⅜-inch hole he had placed in it. He further testified that the hammer offered in evidence was not his hammer. His helper, Mr. Tanner, testified positively that a certain hammer which he identified and which had been offered in evidence was appellee's hammer and that it was the one being used by appellee at the time he received the injury. Under the record it appears that when appellee was injured he was carried from the building by attendants and sent to the hospital, and that he left his hammer in the cab of the engine where he was working. It was a material issue to be determined, and one that was submitted to the jury, as to whether appellee had complained of the condition of the hammer that was offered in evidence, and as to whether the same was the one he was using when he was injured. The jury found that the hammer offered in evidence was in fact the hammer that was being used by appellee, and they further found that appellee had made complaint with reference to the condition of that identical hammer to his foreman. Appellant was entitled to have this testimony go to the jury.

The other matters complained of by appellant will not likely arise on another trial.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.