### NATIONAL AID SOC. v. WILLIAMS.
### No. 3052.

Court of Civil Appeals of Texas. El Paso.
June 14, 1934.

Wynne & Wynne and Jack T. Life, all of Athens, for appellant.

Bishop & Holland, of Athens, for appellee.

WALTHALL, Justice.

This suit is brought by J. L. Williams against National Aid Society to recover upon two policies of insurance upon the life of L. O. Williams; each policy issued in the sum of $250. The suit was brought also to recover 12 per cent. penalty and attorney fees.

The National Aid Society answered by general demurrer, special exceptions, general denial, and specially pleaded provisions of the society's by-laws, which provide that the applicant for insurance must not be over 80 years of age, and be in good health at the time of the acceptance of the application.

The society defended on the ground that at the time the certificates of insurance were issued and delivered the insured was more than 80 years of age, which was known to the insured and was not known to the society, and which fact as to age was not discovered by the society until after the death of the insured.

The society also defended on the ground that the insured failed to pay a contribution when due, and for such failure he was suspended, and on payment he was reinstated as a member, but when reinstated insured was in fact not in good health as required by the policy and by-laws. That on discovery of the facts above stated the defendant society tendered to plaintiff Williams all payments made on the certificates of insurance, but which were refused.

On the trial the jury found that the insured was in good health at the time the certificates of insurance were issued to him; that the date of the birth of the insured was "during the year 1851"; that arteriosclerosis was not the cause of the death of Williams, the insured; the insured deceased, or some one for him, failed to make payment of the contribution due October 30, 1931; the insured deceased was in good health at the time of his reinstatement as a member of the society.

It is uncontroverted that the certificates sued on were issued June 29, 1931, and that the insured, L. O. Williams, died December 22, 1932.

The court entered judgment for plaintiff and against the defendant National Aid Society for the aggregate sum of $810, consist-

ing of the following items: $500, the sum of two policies; 12 per cent. thereon as statutory penalty for refusal to pay after demand; $250 as reasonable attorney fees.

From that judgment the defendant prosecutes this appeal.

## Opinion.

As shown by a bill of exceptions, one of the attorneys for the appellee, in making his closing argument to the jury, used the following language: "I am prejudiced against these insurance companies that come into Texas and take the money of the citizens of Texas without ever paying them anything and without any expectation of paying. They want to fix their machine so as to catch the people going and coming and they did."

Further in his argument the attorney stated: "The defendant was defending this law suit in hopes that they can mollycoddle a jury of men into saying that he (meaning L. O. Williams) was not in good health at the time he took out the insurance."

Again: "Insurance companies seem to think they were made to take in money and not pay out."

Appellant, at the time, objected to the remarks on the ground that same were "improper, highly prejudicial and inflammatory," and requested the court to instruct the jury not to consider same. The court overruled the objection, and refused to instruct the jury not to consider such statements.

The argument of counsel presents reversible error. The words used in stating the objection clearly state the objection to the argument. The argument had no reference to any issue in the case, or evidence offered on the trial, or argument of opposing counsel. It was "highly prejudicial and inflammatory," and, being so, was improper. The court should have sustained the objection and have instructed the jury not to consider the objectionable remarks of counsel, but not having done so the jury could and probably did infer that the judge indorsed the remarks of counsel. As said by the Galveston court, "clearly counsel who made the argument thought it would at least, to some degree, have an influence favorable to appellee or else he would not have made the same. Counsel should not go outside the record and make use of inflammatory language in order to influence the jury to return a verdict favorable to his client," and refer to a number of cases as sustaining the rule announced.

As said by the Commission of Appeals in

Bell v. Blackwell, 283 S. W. 765, 768: "If the case was one to be submitted to the jury, it should have been submitted without error calculated to affect the verdict. * * * The jury must first decide the question properly presented to it before any court can pass upon the question of the sufficiency of the evidence to support the verdict. Parker v. Miller (Tex. Com. App.) 268 S. W. 726."

The case is purely a fact case. A number of propositions are presented assigning reversible error. We have considered them and think they show no error.

For reason stated, the case is reversed and remanded.